Joseph L. Boker Agent<br>Flint District"

---

## DITTMAR v. CITY OF FLINT.

1. Highways and Streets—Defective Sidewalks—State Trunk Line Highways—Municipal Corporations.

   Amendment of State trunk line highway construction act providing that cost of constructing, improving and maintaining trunk line highways should be met entirely by the State, and that counties, townships, cities and villages should "thereafter be relieved of all expenses and legal liabilities in connection therewith as imposed" by specifically named statutes, thereby relieved cities of liability that might have theretofore been asserted against them, on account of injuries sustained from defects in sidewalks within the confines of right-of-way of State trunk line highways extending into the cities (CL 1948, § 250.61, as amended by PA 1959, No 185).

---

References for Points in Headnotes

[1] 25 Am Jur, Highways and Streets § 55.
[2] 50 Am Jur, Statutes § 204.
[3] 14 Am Jur, Costs § 91.

2. STATUTES—TITLE OF ACT—SCOPE OF OBJECT—STATE TRUNK LINE
   HIGHWAYS—MUNICIPAL CORPORATIONS.                                ˟

   Title of act to provide for the construction, improvement and
      maintenance of trunk line highways *held*, sufficiently compre-
      hensive to embrace provisions of amendatory act imposing
      entire cost of constructing, improving and maintaining trunk
      line highways by the State and relieving counties, townships,
      cities, and villages of all expenses and legal liabilities in con-
      nection therewith as imposed by specified previously enacted
      statutes (CL 1948, § 250.61, as amended by PA 1959, No 185).

3. COSTS—PUBLIC QUESTION—DEFECTIVE SIDEWALK ON STATE TRUNK
   LINE RIGHT-OF-WAY.

   No costs are allowed in action wherein was involved a new and
      important public question concerning liability of a city for
      injuries sustained by plaintiff claimed to have arisen because
      of defective sidewalk within confines of right-of-way of State
      highway extending into the city (CL 1948, § 250.61, as amended
      by PA 1959, No 185).

Appeal from Genesee; Newblatt (Stewart A.), J.
Submitted January 7, 1965. (Calendar No. 22,
Docket No. 50,673.) Decided March 1, 1965.

Complaint by Gladys R. Dittmar against the City
of Flint, a municipal corporation, for alleged injuries
arising out of a fall on a defective sidewalk. Judg-
ment for defendant. Plaintiff appeals. Affirmed.

*Howard C. Fisher*, for plaintiff.

*Edward P. Joseph* and *Richard R. Lovinger*, for
defendant.

BLACK, J. This is what is known as a sidewalk
injury case. Plaintiff alleged that one of the public
sidewalks on Saginaw street, in Flint, was defective
and out of repair "in that, at a point near to and
abutting number 518 North Saginaw street, there
was a large upraising of one slab of concrete from
the next, the southernmost slab being three inches

upraised from that adjoining to the north across its entire width running east and west."

Plaintiff's fall and resulting injury occurred April 19, 1963. The defendant city moved for summary judgment upon showing of conceded fact that the sidewalk of Saginaw street at the point of injury was "within the right-of-way of a Michigan State trunk line highway" (M–54), and upon allegation that plaintiff's right of action as set forth in her complaint was barred by the 1959 amendment of section 1 of the trunk line highway act (CLS 1961, § 250.61 [Stat Ann 1963 Cum Supp § 9.901]).

In his opinion the trial judge suggested that the 1959 amendment had been stimulated by this Court's decision to affirm, upon equally divided vote, former Circuit Judge Elliott's judgment in the case of *Jourdin* v. *City of Flint,* 355 Mich 513. In *Jourdin* three members of the Court concurred with Justice KELLY's summary, quoted from *Jourdin* (pp 534, 535):

"Consequently, I cite with approval and in complete agreement the following from the opinion of Hon. Phillip Elliott, circuit judge of the county of Genesee:

" 'Under the statutes above quoted there is still a duty on the part of the city to keep in reasonable repair "all public highways, streets (et cetera) which are within their jurisdiction and under their care and control, and which are open to public travel." CL 1948, § 242.3 (Stat Ann 1958 Rev § 9.593.) The court does not believe that any of the statutes cited by defendants removes this duty, nor can the city avoid it by entering into a contract with the State highway commissioner. If the necessary elements of negligence by employees of the city are proven, one who is injured thereby on a trunk-line highway can recover even if the city has a contract with the State highway commissioner for full reim-

bursement of the cost. Such a one who is so injured comes within the terms of liability set forth in CLS 1956, § 242.1 (Stat Ann 1958 Rev § 9.591). The motion for judgment notwithstanding the verdict is denied.' "

*Jourdin* was handed down February 20, 1959. The amendment was effected by P.A 1959, No 185, approved July 22, 1959. It reads:

"Sec. 1. On and after January 1, 1960, the cost of constructing, improving and maintaining trunk line highways shall be met entirely by the State, and the counties, townships and incorporated cities and villages shall thereafter be relieved of all expenses and legal liabilities in connection therewith as imposed by section 21 of chapter 4 and chapter 22 of Act No 283 of the Public Acts of 1909, as amended, being section 224.21 and sections 242.1 to 242.8 of the Compiled Laws of 1948."

Plaintiff insists that the amendment, properly interpreted, does not relieve cities of and from the liability she asserts. With the same reluctance as was expressed by the trial judge, we cannot agree. While the amendment could have been written in more specific terms, its phrasing leaves no doubt that the legislature intended to relieve cities of all liability which, under "section 21 of chapter 4 and chapter 22 of Act No 283 of the Public Acts of 1909, as amended," might theretofore have been asserted against them on account of injuries sustained within the confines of trunk-line highways where such highways extend through cities.

Plaintiff's contention that the 1959 amendment violated former article 5, § 21, Const 1908 (for the current provision see Const 1963, art 4, § 24), has been duly considered. We find ourselves unable to agree with it after having re-examined the title to

the trunk-line highway act of 1925.* The title is comprehensive and the amendatory act is well within the declared single objective thereof.

Judgment affirmed. No costs, a new and important public question being involved.

Kavanagh, C. J., and Dethmers, Kelly, Souris, Smith, O'Hara, and Adams, JJ., concurred.

* PA 1925, No 17.—Reporter.