LIPKA v MACOMB COUNTY BOARD OF ROAD COMMISSIONERS

Docket No. 86922. Submitted April 3, 1986, at Detroit. Decided
        October 21, 1986. Leave to appeal applied for.

 John G. Lipka, as personal representative of the estate of his
        deceased son, John H. Lipka, filed a suit in the Macomb Circuit
        Court against the Macomb County Board of Road Commission-
        ers and a claim against the Department of Transportation in
        the Court of Claims. The two actions were later consolidated for
        trial in the circuit court. Plaintiff alleged two counts of negli-
        gence and one count of nuisance against the county relating to
        his son's fatal accident wherein an automobile struck plaintiff's
        son while he was riding a bicycle on Hilldale Road. The circuit
        court, Kathleen Jansen, J., granted summary judgment in
        favor of the county, ruling that the county lacked jurisdiction
        over the stretch of Hilldale Road where the accident occurred
        and therefore, as a matter of law, could not be held liable.
        Plaintiff appealed.

 The Court of Appeals *held:*

 The state has jurisdiction over the stretch of Hilldale Road
        where the accident occurred. Therefore, the circuit court prop-
        erly granted summary judgment as to plaintiff's negligence and
        nuisance claims against the county since, under the statute
        which provides for an exception to governmental immunity for
        negligent maintenance of a highway by a governmental agency
        and under case law which recognizes an exception for nuisance
        per se or nuisance in fact, the state is the sole governmental
        agency that may be held liable for negligence or nuisance in
        this case upon proof thereof at trial.

 Affirmed.

HIGHWAYS — GOVERNMENTAL IMMUNITY — NEGLIGENCE — NUISANCE.

 A governmental agency cannot be liable for negligence or nui-
        sance with respect to a highway in an action arising from
        personal injuries incurred in an accident on the highway where

REFERENCES

Highways, Streets, and Bridges, §§ 199-204.
Liability of governmental entity or public officer for personal inju-
        ries or damages arising out of vehicular accident due to negligent
        or defective design of highway. 45 ALR3d 875.

the governmental agency lacks jurisdiction over the highway (MCL 691.1402; MSA 3.996[102]).

*Tony Ferris,* for plaintiff

*Peterson & Hay, P.C.* (by *David A. Comsa*), for defendant.

Before: CYNAR, P.J., and WAHLS and E. E. BOR-RADAILE,* JJ.

PER CURIAM. Plaintiff, John G. Lipka, commenced this action as administrator of the estate of his son, the deceased, John H. Lipka, who was struck and killed by a motorist while riding his bicycle across Hilldale in Clinton Township. He was struck on Hilldale, one hundred feet south of the intersection of Sargent, by a vehicle that had left Groesbeck Highway (M97). The complaint contained three counts against the Board of County Road Commissioners of the County of Macomb. Counts I and II alleged negligence, and Count III alleged nuisance. Plaintiff also instituted suit against the Michigan Department of Transportation in the Court of Claims. The two suits were consolidated in circuit court. The county moved for summary judgment claiming that it had governmental immunity and that the state, not the county, had jurisdiction of the roadway at the time of the accident. The motion was granted. Plaintiff appeals as of right. We affirm.

We must first consider whether summary judgment was appropriately granted as to Counts I and II on the grounds that the county lacked jurisdiction over the area in question. Summary judgment pursuant to GCR 1963, 117.2(3), now MCR 2.116(C)(10), should be granted when there is no serious dispute as to any material fact and the

* Circuit judge, sitting on the Court of Appeals by assignment.

moving party is entitled to judgment as a matter of law. *Reeder v Hammon,* 125 Mich App 223; 336 NW2d 3 (1983). When passing upon a motion under this subrule, the court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence available at the time summary judgment was granted. *Longley v Blue Cross & Blue Shield of Michigan,* 136 Mich App 336; 356 NW2d 20 (1984). This Court is liberal in deciding when a genuine issue of fact exists. *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973). The issue of fact in this case is whether the county or the state had jurisdiction over that portion of Hilldale where the accident occurred.

Plaintiff originally submitted an affidavit by Henry W. Thomas of the Michigan Department of Transportation which stated that Hilldale was originally established as a state trunkline highway, but was certified as a county primary road by the county in 1953. The county supported its motion for summary judgment with an affidavit by county employee John Gray, the Assistant County Highway Engineer. His affidavit said that Hilldale, at the point of the intersection of Groesbeck and north to a point approximately 350 feet north of its intersection with Sargent Street, is still under the jurisdiction of the Michigan Department of Transportation. Further, Mr. Gray stated that he had read the affidavit of Mr. Thomas and that, although true, it did not state that, in fact, the Macomb County Road Commission certified to the state for maintenance of only a portion of Hilldale, not the entire stretch, and that the section of Hilldale where the accident occurred was not within the area certified by the county. Plaintiff did not submit a counter-affidavit to the summary judgment motion.

The word "maintenance" is used several times.

Both plaintiff and the county seem to concede that this means "jurisdiction" over the road. In any event, if indeed only a contract of maintenance is meant, and not jurisdiction, this will not help plaintiff, as MCL 250.61; MSA 9.901 provides that counties which have contracted to maintain a state trunkline highway, as opposed to certifying one as a county road, are relieved of all legal liabilities in connection therewith. So if all of Hilldale was not certified as being under the jurisdiction of the county, but the county merely had a contract to maintain it, the county would be relieved of liability and summary judgment would be proper. However, we have assumed, for plaintiff's benefit, that the parties meant jurisdiction rather than mere maintenance.

Plaintiff asserts that the fact that the county established speeds on Hilldale indicates that it has jurisdiction over Hilldale. However, MCL 691.1402; MSA 3.996(102) precludes tort liability of counties for negligent maintenance of roads not under their jurisdiction. After careful review of the proofs, we find that there is no dispute as to jurisdiction. What plaintiff contends is an inconsistency is reconcilable with defendant's supplemental answers. The accident area is under the state's jurisdiction.

The second issue is whether plaintiff sufficiently alleged a nuisance to avoid governmental immunity. In Michigan, governmental agencies are immune from tort liability when engaged in a governmental function. Governmental immunity is statutorily granted by MCL 691.1407; MSA 3.996(107), which states:

Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function.

Maintenance of a highway is a governmental function. *Thomas v Dep't of State Highways,* 398 Mich 1, 11-12; 247 NW2d 530 (1976). There are four statutory exceptions to this grant of governmental immunity. The exception that could apply here, negligent maintenance of a public road under MCL 691.1402; MSA 3.996(102), offers plaintiff no relief because the county did not have jurisdiction of the road.

However, there is a nuisance exception to governmental immunity that arises out of case law. The two leading cases that outline this exception are *Rosario v City of Lansing,* 403 Mich 124; 268 NW2d 230 (1978), and *Gerzeski v Dep't of State Highways,* 403 Mich 149; 268 NW2d 525 (1978). As discussed in those cases, there are two types of nuisances, per se (or at law) and in fact. The exception applicable here is nuisance per se, which is "an act, occupation, or structure which is a nuisance at all times and under any circumstances, regardless of location or surroundings." *Gerzeski, supra,* pp 156-157, quoting *Bluemer v Saginaw Central Oil & Gas Service, Inc,* 356 Mich 399, 411; 97 NW2d 90 (1959), quoting with approval 66 CJS, Nuisances, § 3, pp 733-734. Nuisance per se is established as a matter of law. 403 Mich 160. Plaintiff must allege an intentional nuisance to avoid governmental immunity. *Rosario, supra,* p 142; *Gerzeski, supra,* pp 153-154. Further, in order to find an intentional nuisance, the trier of fact must decide, based upon the evidence presented, that the governmental agency intended to bring about the conditions which are in fact found to be a nuisance. *Rosario, supra,* p 142, relying on the definition of intentional nuisance set forth in *Denny v Garavaglia,* 333 Mich 317, 331; 52 NW2d 521 (1952), states:

> A second [type of nuisance] includes nuisances which are intentional, using that word as meaning not that a wrong or the existence of a nuisance was intended but that the creator of them intended to bring about the conditions which are in fact found to be a nuisance.

Full knowledge that harm was substantially certain to occur is not required. *Carney v Dep't of Transportation,* 145 Mich App 690, 701; 378 NW2d 574 (1985), lv den 424 Mich 889 (1986). Plaintiff claims that the county's design and maintenance of the area constituted an intentional nuisance. A plaintiff's pleadings must be liberally construed to determine whether they sufficiently allege an intentional nuisance. *Taggie v Dep't of Natural Resources,* 87 Mich App 752; 276 NW2d 485 (1979). *Carney, supra,* involved similar allegations. There, the trial court found that the plaintiff had sufficiently alleged an intentional nuisance to avoid governmental immunity. While the trier of fact may ultimately find in the instant case that there was no nuisance, as did the fact finder in *Carney, supra,* plaintiff has sufficiently alleged intentional nuisance to avoid governmental immunity.

The final issue is whether one may be liable for nuisance if one creates a nuisance even though one has no control over the premises through ownership or otherwise. In this case, it is alleged that the county created the nuisance. In other words, plaintiff contends that even if the county did not have jurisdiction over the accident site as found, the county created the nuisance, and, therefore, should be held liable.

Liability for nuisance turns upon whether the defendant was in control, either through ownership or otherwise. Liability for nuisance may be placed on one who either created the nuisance, owned or controlled the property from which the

nuisance arose, or employed another to do work which he knows is likely to create a nuisance. *Stemen v Coffman,* 92 Mich App 595; 285 NW2d 305 (1979). However, by statute, only the governmental agency having jurisdiction over a highway shall maintain the highway in a condition fit for travel. MCL 691.1402; MSA 3.996 (102). As discussed above, the state had jurisdiction, therefore, the question is whether plaintiff can overcome this statutory provision by his allegation of intentional nuisance on the part of the county. We find he cannot and maintain that only the governmental agency which had jurisdiction over the road at the time of the accident could be liable for injuries arising out of the maintenance and condition of the road. *Potes v Dep't of State Highways,* 128 Mich App 765, 769; 341 NW2d 210 (1983). Therefore, the county cannot be liable and summary judgment was proper.

The grant of the county's motion for summary judgment was proper as to Counts I and II which alleged negligence. Governmental agencies are immune from tort liability in all cases wherein the governmental agency is engaged in the exercise of a governmental function. The exception, negligent maintenance of a road, allows an injured plaintiff to recover against the governmental agency which has jurisdiction over the negligently maintained road. In the instant case, the affidavits and pleadings showed that the State of Michigan had jurisdiction over Hilldale at the place of the accident. Thus, there was no dispute of a material fact and defendant was entitled to judgment as a matter of law.

As to Count III, sounding in nuisance, summary judgment was also proper. Governmental immunity is not a bar to a claim of intentional nuisance. Plaintiff did allege an intentional nuisance; how-

ever, MCL 691.1402; MSA 3.996(102) limits liability to the entity which has jurisdiction over the road. Since that entity was indisputably the State of Michigan, the county cannot be liable.

Affirmed.