POMEROY v DEPARTMENT OF TRANSPORTATION

POMEROY v CITY OF FLINT

Docket Nos. 99938, 105464. Submitted August 2, 1988, at Lansing. Decided December 7, 1988.

David R. Pomeroy died from injuries he sustained when a vehicle in which he was a passenger left the paved portion of Twelfth Street in the City of Flint and struck a sewer junction chamber made of concrete and located above ground some 11.5 feet away from the street. Eunice Pomeroy, as personal representative of the decedent's estate, brought an action in the Court of Claims against the Department of Transportation, formerly the Department of State Highways, alleging liability for nuisance and negligence in connection with the construction and maintenance of the sewer junction chamber. Plaintiff also brought an action in the Genesee Circuit Court against the City of Flint, alleging liability for nuisance and negligence in connection with the maintenance of Twelfth Street. The Court of Claims granted partial summary judgment in favor of the Department of Transportation as to the negligence claim. On appeal, the Court of Appeals affirmed in an unpublished opinion per curiam decided April 17, 1986 (Docket No. 78972). Subsequently, Earl E. Borradaile, J., sitting as both the Court of Claims and the Genesee Circuit Court, granted summary disposition in favor of the Department of Transportation on the remaining nuisance claim and partial summary disposition in favor of the City of Flint on the negligence claim. Plaintiff filed separate appeals, which the Court of Appeals consolidated.

The Court of Appeals held:

1. Under the nuisance exception to governmental immunity, liability with respect to a highway is limited to the governmental agency which has jurisdiction over the highway at the time of the accident. The trial judge in this case did not err in granting summary disposition in favor of the Department of

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges §§ 341-349.

Liability of governmental entity or public officer for personal injuries or damages arising out of vehicular accident due to negligent or defective design of highway. 45 ALR3d 875.

Transportation on plaintiff's nuisance claim since it was the City of Flint which had jurisdiction over both Twelfth Street and the sewer junction chamber at the time of decedent's accident.

2. The trial judge did not err in granting partial summary disposition in favor of the City of Flint on plaintiff's claim under the highway exception to governmental immunity for the alleged negligent maintenance of the sewer junction chamber. A governmental agency's duty to repair and maintain highways, and its liability for failure to keep highways in reasonable repair, extends only to the improved portion of the highway designed for vehicular travel. The sewer junction chamber is not part of the improved portion of Twelfth Street and the City of Flint therefore cannot be held liable for any alleged negligence in connection with the chamber's maintenance.

Affirmed.

1. HIGHWAYS — GOVERNMENTAL IMMUNITY — NUISANCE.

Under the nuisance exception to governmental immunity from tort liability, liability with respect to a highway is limited to the governmental agency which has jurisdiction over the highway at the time of the accident.

2. HIGHWAYS — GOVERNMENTAL IMMUNITY — SEWER JUNCTION CHAMBERS.

A sewer junction chamber made of concrete and located above ground some 11.5 feet away from the paved portion of a roadway is not within the improved portion designed for vehicular travel and the governmental agency responsible for the maintenance of the roadway and chamber may not be held liable under the highway exception to governmental immunity for negligence in connection with the maintenance of the chamber (MCL 691.1402; MSA 3.996[102]).

*David Melkus,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Brenda E. Turner,* Assistant Attorney General, for the Department of Transportation.

*Douglas M. Philpott, P.C.* (by *Douglas M. Philpott*), for the City of Flint.

Before: DANHOF, C.J., and CYNAR and G. R. DE-
NEWETH,* JJ.

PER CURIAM. Plaintiff's decedent, David R. Pom-
eroy, died as a result of injuries suffered on May 7,
1982, when the vehicle in which he was a passen-
ger left the road and struck a concrete structure
located 11.5 feet from Twelfth Street, at the inter-
section of Hammerberg Road, in the City of Flint.
Plaintiff appeals as of right from a March 27,
1987, order from the Court of Claims dismissing
plaintiff's claims against defendants State of Mich-
igan and its agencies, and from a September 24,
1987, Genesee Circuit Court order granting defen-
dant City of Flint's motion for summary disposi-
tion with respect to plaintiff's statutory claim only.
Plaintiff's complaint had alleged, as to all defen-
dants, nuisance and breach of the duty to main-
tain the highway in reasonable repair pursuant to
MCL 691.1402; MSA 3.996(102). We consolidated
the cases for appeal and we affirm.

Plaintiff first argues that the Court of Claims
erred by dismissing plaintiff's nuisance claim. The
Court of Claims had earlier granted defendant's
motion for summary disposition on plaintiff's stat-
utory claim for failure to maintain the highway in
reasonable repair. This Court affirmed in an un-
published opinion per curiam, decided April 17,
1986 (Docket No. 78972). Plaintiff now argues that
defendant State of Michigan may be liable as the
creator of an intentional nuisance despite its hav-
ing transferred jurisdiction over the structure to
the City of Flint following its construction in 1968
and 1969. The transfer of jurisdiction, plaintiff
argues, should not relieve defendant from liability
for design and construction defects. We disagree.

Plaintiff does not dispute that the concrete

* Circuit judge, sitting on the Court of Appeals by assignment.

structure, located off Twelfth Street in the City of Flint, acts as a storm sewer junction chamber connecting a higher sewer line with another sewer line fifteen feet lower. The structure was constructed during the winter months of 1968 and 1969 under contract with the Michigan State Highway Department. The structure was built on behalf of, and in consultation with, the City of Flint. Following its construction, jurisdiction over the structure was returned to the City of Flint. When the accident occurred, the City of Flint had responsibility for maintaining both Twelfth Street and the concrete sewer junction.

This Court has held, on several occasions, that liability for nuisance is limited to the government agency having jurisdiction over the highway at the time of the accident. *Smith v Dep't of Transportation,* 157 Mich App 12, 18; 403 NW2d 87 (1987); *Lipka v Macomb Co Bd of Road Comm'rs,* 155 Mich App 624; 400 NW2d 698 (1986), and cases cited therein. In *Lipka,* the Court reasoned that the statutory provision, MCL 691.1402; MSA 3.996(102), which invests responsibility with the government agency having jurisdiction over the highway should be extended to claims of intentional nuisance. We find the reasoning contained in our prior decisions to be sound and, in this case, decline to hold otherwise.

Plaintiff next argues that defendant City of Flint may be liable for its role in creating and maintaining the roadside obstruction under the highway liability act, MCL 691.1402; MSA 3.996(102), notwithstanding the fact that the vehicle which collided with the obstruction went well beyond the traveled portion of the highway pursuant to the "four-wheel rule." Again, we disagree.

The statutory exceptions to the broad grant of governmental immunity are to be strictly con-

strued. *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 618; 363 NW2d 641 (1984). The applicable exception to governmental immunity in this case is provided by MCL 691.1402; MSA 3.996(102), which provides in relevant part "[t]he duty of the state and the county road commissions to repair and maintain highways, and the liability therefor, shall extend only to the improved portion of the highway designed for vehicular travel and shall not include sidewalks, crosswalks or any other installation outside of the improved portion of the highway designed for vehicular travel . . . ." This statutory exception to governmental immunity applies to municipalities such as defendant City of Flint. MCL 691.1401(a) and (d); MSA 3.996(101)(a) and (d); *Michonski v Detroit*, 162 Mich App 485, 592; 413 NW2d 438 (1987).

We note that, as stated by this Court in *Davis v Chrysler Corp*, 151 Mich App 463, 469; 391 NW2d 376 (1986), the provision limiting the zone of responsibility to the improved portion of the highway refers only to the state and the county road commissions. Municipalities remain liable for the balance of the areas coming within the definition of highways, bridges, sidewalks, crosswalks and culverts. This Court has defined the duty to maintain a highway in reasonable repair as including the shoulder and adjacent guardrails and to areas within the reach of a vehicle without any of its wheels leaving the shoulder. *Carney v Dep't of Transportation*, 145 Mich App 690, 696; 378 NW2d 574 (1985), lv den 424 Mich 889 (1986). Although the four-wheel rule does not define this area with mathematical precision, its design is to establish the duty to maintain a shoulder in reasonable repair such that the average vehicle would be reasonably safe in the event that it became necessary to drive on the shoulder, or the vehicle acci-

dentally deviated from the portion of the road designed for travel. In this case, it is undisputed that the concrete structure was located approximately 11.5 feet from the paved portion of the road. The circuit court had before it all necessary construction drawings, specifications, measurements, photographs, affidavits and interrogatory answers sufficient to conclude that there was no genuine issue of material fact. MCR 2.116(C)(10). We agree that the claim asserted could not be supported at trial because of a deficiency which could not be overcome. See *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973).

Further, where the edge of a highway is defined by a curb, there is no duty to maintain the shoulder of the road and the four-wheel rule does not apply. *Anderson v Macomb Co Road Comm,* 143 Mich App 735; 372 NW2d 651 (1985), lv den 424 Mich 882 (1986). In this case, Twelfth Street at the intersection of Hammerberg is, without dispute, bordered by a curb. Plaintiff argues that the curb was defective in that it was a "mountable" curb. However, plaintiff's complaint includes no such allegation and the argument will not be heard for the first time in this Court. *People v Coons,* 158 Mich App 735; 405 NW2d 153 (1987), lv den 428 Mich 900 (1987). We find no error.

Affirmed.