NGO v MACOMB COUNTY ROAD COMMISSION

Docket No. 106710. Submitted June 8, 1989, at Detroit. Decided November 22, 1989.

Chi Lap Ngo brought an action in the Macomb Circuit Court against the Macomb County Road Commission for damages for injuries sustained when the vehicle he was driving left the roadway and overturned in a drainage ditch located approximately twenty feet from the edge of the road. The court, George R. Deneweth, J., granted summary disposition for defendant. Plaintiff appealed.

The Court of Appeals *held:*

1. The duty of the state or a county road commission to maintain a highway in reasonable repair so that it is reasonably safe and convenient for public travel extends only to the improved portion of the highway designed for vehicular travel. Such duty therefore does not extend to a drainage ditch located twenty feet from the edge of the road.

2. Plaintiff's other allegation was unsubstantiated.

Affirmed.

HIGHWAYS — GOVERNMENTAL IMMUNITY — IMPROVED PORTION OF HIGHWAY.

The duty of the state or a county road commission to maintain a highway in reasonable repair so that it is reasonably safe and convenient for public travel extends only to the improved portion of the highway designed for vehicular travel; such duty therefore does not extend to a drainage ditch located twenty feet from the edge of the road (MCL 691.1402; MSA 3.996[102]).

*Christopher R. Sciotti,* for plaintiff.

*Peterson, Hay & Comsa, P.C.* (by *Mark S. Mackley*), for defendant.

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges §§ 347, 353, 479.

Liability, in motor vehicle-related cases, of governmental entity for injury, death, or property damage resulting from defect or obstruction in shoulder of street or highway. 19 ALR4th 532.

Before: MICHAEL J. KELLY, P.J., and SHEPHERD and NEFF, JJ.

PER CURIAM. Plaintiff appeals as of right from an order of the circuit court granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(10). We affirm.

I

This action arises out of a single-car accident which occurred at approximately 10:20 P.M. on July 31, 1986. Plaintiff was traveling southbound on Hayes Road in Macomb County when his vehicle left the road and overturned in a drainage ditch. A motorist who was proceeding northbound on Hayes and approaching plaintiff's vehicle testified that he initially saw plaintiff's vehicle swerve to the left, travel partially over the center line, and then swerve back to the right, traveling off the road and flipping upside down into a drainage ditch.

The ditch was six to seven feet wide and located approximately twenty feet from the edge of the road. At the site of the accident, the road consisted of two paved lanes along with a paved flare lane designed to accommodate drivers needing to pass vehicles making a left-hand turn. There was also a drain containing a concrete headwall alongside the road which plaintiff alleged he narrowly missed. As a result of the accident, plaintiff sustained severe injuries resulting in loss of various physical and intellectual functions.

II

Plaintiff has alleged the defective highway exception to governmental immunity, pursuant to

MCL 691.1402; MSA 3.996(102), which provides, in pertinent part:

> Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. . . . The duty of the state and the county road commissions to repair and maintain highways, and the liability therefor, shall extend only to the improved portion of the highway designed for vehicular travel and shall not include sidewalks, crosswalks or any other installation outside of the improved portion of the highway designed for vehicular travel.

The scope of statutory liability extends to the maintenance of conditions that affect the safety of motorists using the improved portion of the highway designed for vehicular travel. *Carney v Dep't of Transportation*, 145 Mich App 690, 696; 378 NW2d 574 (1985), lv den 424 Mich 889 (1986). "Highway" is defined in MCL 691.1401(e); MSA 3.996(101)(e), as follows:

> "Highway" means every public highway, road, and street which is open for public travel and shall include bridges, sidewalks, crosswalks, and culverts on any highway. The term highway does not include alleys, trees, and utility poles.

In *Moerman v Kalamazoo Co Road Comm*, 129 Mich App 584, 593; 341 NW2d 829 (1983), rev'd on other grounds on rehearing 141 Mich App 154; 366 NW2d 223 (1985), this Court formulated a "four-wheel" rule which extended liability only to those hazards within reach of the vehicle with all four wheels on the shoulder. In *Pomeroy v Dep't of Transportation*, 175 Mich App 556, 560-561; 438 NW2d 264 (1988), this Court explained the four-wheel rule as follows:

> Although the four-wheel rule does not define this area with mathematical precision, its design is to establish the duty to maintain a shoulder in reasonable repair such that the average vehicle would be reasonably safe in the event that it became necessary to drive on the shoulder, or the vehicle accidentally deviated from the portion of the road designed for travel.

This Court in *Pomeroy* affirmed the trial court's grant of summary disposition in favor of the defendant where the evidence indicated that the plaintiff's vehicle had left the road and had struck a concrete storm sewer chamber located approximately 11.5 feet from the paved portion of the road. *Pomeroy, supra,* p 561.

In *Prokop v Wayne Co Bd of Road Comm'rs,* 168 Mich App 119, 123; 424 NW2d 10 (1988), lv gtd 432 Mich 890 (1989), a panel of this Court stated:

> Generally speaking, appellate decisions have allowed recovery for injuries that were incurred outside of the strict confines of the paved road provided the injuries occurred within the vicinity and were related to the safety of motor vehicle traffic. . . .
>
> Significantly, in each of the cases in which the liability of the state or of the county road commission was deemed to extend beyond the paved portion of the road, the defect was either alongside or above the roadway, always within the shoulders of the road.

Here, the testimony revealed that plaintiff left the roadway and traveled into the ditch which was located approximately twenty feet from the edge of the road. Plaintiff has not refuted this contention. We find that the trial court did not err in finding that the drainage ditch involved here cannot be construed to be part of the improved portion of the highway.

Plaintiff also argues that that portion of Hayes Road where his car left the roadway was defectively designed because defendant failed to place a guardrail or other warning device to protect motorists from the drain and ditch. However, plaintiff has not provided any documentary evidence to show that there is a genuine issue for trial as to this claim.

Under the circumstances presented here, the trial court did not err in granting summary disposition to defendant pursuant to MCR 2.116(C)(10).

Affirmed.