*Order Entered November 3, 1994:*

Williams v Redford Township, Docket No. 154658 and Moceri v Canton Charter Township, Docket No. 155596. The Court ORDERS that a special panel shall be convened pursuant to Administrative Order No. 1994-4 to resolve the conflict between these cases and *Listanski v Canton Twp,* 206 Mich App 356 (1994).

### Docket No. 154658

Before: White, P.J., and Brennan and G. B Ford,* JJ.

White, P.J. On the January case call, two cases involving a township's liability with respect to sidewalks were submitted to separate panels. Opinions reaching contrary results were circulated. The opinion in *Listanski v Canton Charter Twp,* 206 Mich App 356; 523 NW2d 229 (1994), was released first and, under Administrative Order No.

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

1994-4,[1] is now binding on this panel. Therefore, in accordance with that opinion, we affirm the circuit court's grant of summary disposition. Were it not for *Listanski* and Administrative Order No. 1994-4, we would reverse for the reasons stated in this opinion.

I

The question is whether a township has jurisdiction over public sidewalks located along county roads within the township sufficient to support a cause of action against the township under MCL 691.1402; MSA 3.996(102) for failure to maintain such a sidewalk in reasonable repair. We conclude that a township may be liable under the statute.

A

Plaintiff was injured on a sidewalk in Redford Township. The sidewalk was located along a road over which Wayne County had jurisdiction pursuant to the McNitt act.[2] Plaintiff sued Wayne County and Redford Township. After dismissing Wayne County,[3] the trial court also dismissed Redford Township, ruling that plaintiff had not established a duty on the part of the township. The court cited MCL 41.288; MSA 9.585(3) and MCL 41.288a; MSA 9.585(4), which together provide that a township may install, construct, repair, or maintain sidewalks along highways, but must first obtain the written approval of the state or county highway authority having jurisdiction over the highway or road.

B

We conclude that townships historically have been responsible for the maintenance and repair of sidewalks within their jurisdictional boundaries and that the statutes transferring jurisdiction over township roads to counties and requiring townships to obtain the approval of the governmental authority having jurisdiction over the highway being improved by the installation or repair of a sidewalk before the improvement is made were not intended to, and did not, transfer the township's duty to maintain sidewalks to the state or county, or relieve the township from liability for the failure to discharge that duty.

The Legislature's intent can be found in the reenactment of the township's duty with respect to highways, defined to include sidewalks, in MCL 691.1402; MSA 3.996(102) [§ 2], many years after jurisdiction of township roads was transferred to the counties by the McNitt act, and after the enactment of provisions requiring state or

---

[1] 445 Mich xix.

[2] 1931 PA 130 (1948 CL 247.1 *et seq.*; Stat Ann 9.141 *et seq.*), repealed by 1951 PA 51. The act provided that from April 1, 1932, the board of county road commissioners would take over and incorporate into the county road system twenty percent of the total township highway mileage each year until all township roads were incorporated. After that, all dedicated streets and alleys in recorded plats outside incorporated cities and villages were similarly to be taken over by the counties. 1931 PA 130, § 2.

[3] Plaintiff does not appeal that dismissal.

county approval for township sidewalk construction. This conclusion finds further support in Const 1963, art 7, § 29.[4]

II

Redford Township argues that it has no duty with respect to the sidewalk in issue. We conclude there is such a duty under § 2, which provides in relevant part:

> Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his or her property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him or her from the governmental agency. The liability, procedure and remedy as to county roads under the jurisdiction of a county road commission shall be as provided in section 21, of chapter IV of Act No. 283 of the Public Acts of 1909, as amended, being section 224.21 of the Michigan Compiled Laws. The duty of the state and the county road commissions to repair and maintain highways, and the liability therefor, shall extend only to the improved portion of the highway designed for vehicular travel and shall not include sidewalks, crosswalks or any other installation outside of the improved portion of the highway designed for vehicular travel.

Under subsection d of MCL 691.1401; MSA 3.996(101),

> "Governmental agency" means the state, political subdivisions, and municipal corporations.

Under subsection a of that section,

> "Municipal corporation" means any city, village, township or charter township, or any combination thereof, when acting jointly.

---

[4]

No person, partnership, association or corporation, public or private, operating a public utility shall have the right to the use of the highways, streets, alleys or other public places of any county, township, city or village for wires, poles, pipes, tracks, conduits or other utility facilities, without the consent of the duly constituted authority of the county, township, city or village; or to transact local business therein without first obtaining a franchise from the township, city or village. Except as otherwise provided in this constitution the right of all counties, townships, cities and villages to the reasonable control of their highways, streets, alleys and public places is hereby reserved to such local units of government.

Under subsection e of that section,

> "Highway" means every public highway, road, and street which is open for public travel and shall include bridges, sidewalks, crosswalks, and culverts on any highway. The term highway does not include alleys, trees, and utility poles.

The question, then, is whether Redford Township has jurisdiction over sidewalks within its geographical boundaries. We conclude that the township had such jurisdiction historically and continues to have such jurisdiction today.

### III

Wayne County was dismissed in accordance with § 2's express limitation on the duty (and liability) of the county to repair and maintain highways, restricting that duty to "the improved portion of the highway designed for vehicular travel," not extending to "sidewalks, crosswalks, or any other installation outside of" that improved portion.

Section 2 refers to "section 21 of chapter IV of Act No. 283 of the Public Acts of 1909, as amended, being section 224.21 of the Michigan Compiled Laws." That reference highlights the fact that the present statute is consistent with prior acts under which a county's duty to repair public highways extended only to

> county roads, bridges and culverts that are within [its] jurisdiction and under [its] care and control and which are open to public travel. [1909 PA 283, ch IV, § 21.]

See also 1909 PA 283, ch IV, § 19; 1948 CL 224.19, 224.21; MCL 224.19, 224.21; MSA 9.119, 9.121.

In *Ferguson v Muskegon Co,* 181 Mich 335; 148 NW 212 (1914), the Supreme Court emphasized that the authority granted to county road commissions to construct and repair roads, bridges, and culverts "did not give them authority to build sidewalks along and on the side of the county road." *Id.* at 339. The Court added:

> [O]nly townships and unincorporated villages have within their respective limits power and authority to build and repair sidewalks along the same roads. These powers and duties are specifically defined and distinguishable, and, although exercised over the same highway, they are not conflicting, and the giving of such separate and distinct powers and authority to two public bodies arises naturally from their relations to the public, as has been recognized by this court. [*Id.*][5]

---

[5] A 1930 Attorney General opinion also emphasized the absence of county or state authority over sidewalks, and explained the township's role in their construction:

It seems clear, therefore, that in limiting a county's liability for "highways" within its jurisdiction, § 2 merely emphasizes the historical limits of the county's jurisdiction.[6]

In contrast, the jurisdiction of townships has historically included sidewalks within their boundaries. 1883 PA 60 ("An Act for the construction of sidewalks, within and along highways in townships and villages") provided in § 1:

> That public sidewalks may be established, opened, improved, and maintained within the boundaries and along the highways, within this State under the provisions of this act; and the townships and unincorporated villages of this State shall possess the authority herein prescribed, for the building, repairing, and preserving the same.[7]

In addition to the townships' authority to build and repair sidewalks along county roads, recognized in *Ferguson, supra,* the Legislature has imposed since 1887 a general duty on the part of townships, as well as villages, cities, and corporations, to keep in reasonable repair

> all public highways, streets, bridges, *sidewalks,* cross-walks and culverts that are within their jurisdiction, and under their care and control, and which are open to public travel . . . . [1887 PA 264, § 3, emphasis added.]

---

*No mention is made of sidewalks in any of the powers given to the state highway department or Board of County Road Commissioners. The township highway commissioner is only given authority to build sidewalks upon petitioning property owners. The overseer of a road district in a township is only authorized to build sidewalks upon the written application of a majority of the taxpayers residing therein,* so that these provisions practically amount to the creation of an assessment district. The legislature has always recognized that sidewalks are local improvements to be paid for by the abutting property owners. [OAG, 1928-1930, pp 819, 822 (March 26, 1930); emphasis in original.]

[6] A different historical analysis is offered in *Scheurman v Dep't of Transportation,* 434 Mich 619; 456 NW2d 66 (1990), suggesting that the express exclusion of the state and counties from liability for sidewalks and crosswalks represents a reduction in the purview of the highway exception statute. However, the broader liability was always imposed upon municipalities, i.e., townships, villages, cities, and other corporations, and *not* upon the state or the counties. See text, *infra.*

[7] 1 How Stat 1447; 1897 CL 4203; 1915 CL 4571; 1929 CL 4208; 1948 CL 241.2; repealed by 1958 PA 77, § 1. See also 1909 PA 283, ch XXI, and 1957 PA 251 and 1966 PA 35, both repealed by 1989 PA 80, which reenacted provisions authorizing townships to construct and repair sidewalks.

See 1 How Stat 1446; 1915 CL 4586; 1929 CL 4225; 1948 CL 242.3. Furthermore, a township or other municipality neglecting that duty was explicitly liable to any person sustaining bodily injury resulting from that neglect. 1887 PA 264; see also 1909 PA 283, ch XXII, § 1; 1915 CL 4584; 1929 CL 4223; 1948 CL 242.1. Those duties and liabilities remain in effect today under § 2.[8]

The *Ferguson* Court, *supra* at 340-341, also recognized that 1909 PA 283, ch IV, § 21, in stating,

> [i]t is hereby made the duty of the counties to keep in reasonable repair, so that they shall be safe and convenient for public travel, all county roads, bridges, and culverts that are within their jurisdiction and under their care and control and which are open to the public travel. The provisions of law respecting the liability of townships, cities, villages and corporations for damages for injuries resulting from a failure in the performance of the same duty respecting roads under their control, shall apply to counties adopting such county road system

and § 19, in stating,

> [t]hey [county road commissioners] shall have all the authority in respect to such roads, bridges and culverts which is vested in highway officers in townships

did not transfer to a county road commission the township's liability for defects in sidewalks adjacent to county roads.

We recognize that *Ferguson* preceded the McNitt act of 1931, which provided for the takeover of township roads by county road commissions, and thus did not address the current circumstance, where the county has acquired jurisdiction over all township roads. Nevertheless, *Ferguson* addresses the township's responsibility for sidewalks within the county right of way and holds that the township, and not the county, is responsible.

Nor do we believe *Ferguson* is rendered inapposite by MCL 41.271 *et seq.*; MSA 9.571 *et seq.*, first enacted by 1931 PA 246, which provides for the installation of sidewalks by the county road commission upon petition by the requisite percentage of abutting township property holders. Under this statutory procedure, it is the petition of the township property holders, or the township itself,[9] that confers on the county the authority to install sidewalks, and not the county's jurisdiction over the right of way.

---

[8] 1964 PA 170, § 2 incorporated the substance of the foregoing section on recovery of damages against municipalities while repealing the separate statutes.

[9] See also MCL 41.271a; MSA 9.571(1), added by 1968 PA 55, § 1.

IV

Redford Township argues that since the passage of the McNitt act townships do not have jurisdiction over roads and thus do not have jurisdiction over sidewalks adjacent to roads. The township contends that the sidewalk in issue falls within the right of way of a road under Wayne County's jurisdiction, and therefore the sidewalk is within the county's jurisdiction and so § 2 imposes no liability on the township. We disagree.

A

The statutes granting to townships the authority to build and repair sidewalks along highways (see *ante* at 804) remained in place through various repeals and reenactments[10] and continue in effect today under MCL 41.288 *et seq.*; MSA 9.585(3) *et seq.*, despite the passage of the McNitt act in 1931. Thus, townships have continued to retain the authority to build and maintain sidewalks along roads within their geographical jurisdiction, notwithstanding that pursuant to the McNitt act, the townships do not have jurisdiction over the roads themselves.

B

A requirement of obtaining county or state approval before making improvements within the county or state right of way first appeared in 1957 PA 251,[11] which permitted township boards to construct sidewalks using general public, as opposed to special assessment, funds. In other words, the township's ongoing authority to install sidewalks along highways has been restricted only by the requirement that it obtain approval to do so beforehand when the installation falls within a county or state right of way.

Further, these statutes contemplate that the township, and not the county, will initiate and pay for the construction, repair, and maintenance of sidewalks, even when the sidewalks are on the right of way of state highways or county roads.

We conclude that the Legislature's reenactment of legislation providing for township authority to construct and maintain sidewalks long after the passage of the McNitt act demonstrates that the Legislature did not intend the McNitt act to transfer the duty to maintain sidewalks to the county.

---

[10] See n 7, *supra.*

[11] 1957 PA 251, §§ 1 and 2, added §§ 41.401 and 41.402 to the compiled laws. Those sections were repealed by 1989 PA 80 but were reenacted by that statute as MCL 41.288; MSA 9.585(3). See also MCL 41.288a; MSA 9.585(4). The approval requirement was also included in 1966 PA 35, which added MCL 41.931-933; MSA 9.587(1)-(3) to the compiled laws, which sections were also repealed by, and consolidated in, 1989 PA 80.

A similar requirement was included in 1931 PA 246, § 4, which provided that when the proposed improvement made by the county in response to a petition by township property owners was to be located on a state trunkline, the approval of the state highway commissioner had to be obtained before further steps could be taken.

v

Redford Township also rejects the resolution reached in *Jones v Ypsilanti,* 26 Mich App 574; 182 NW2d 795 (1970), where, treating a similar question of a city's jurisdiction over a sidewalk constructed along a state trunkline, a panel of this Court held that

> as to sidewalks, jurisdiction in the state does not necessarily eliminate jurisdiction in the city. . . .
>
> * * *
>
> Pursuant to the constitutional mandate, the legislature provided by law that the jurisdiction and control of the state with regard to maintenance and liability extends only to the portion used for vehicular travel. It left the sidewalks to the reasonable control of the cities pursuant to art 7, § 29. [*Id.* at 579, 581.]

The township argues that the *Jones* analysis is outdated, and "the notion of concurrent jurisdiction is now defunct." We disagree.

The cases cited by the township as establishing exclusive jurisdiction over the highways in issue in those cases do not address the distinction between the improved portion of a highway designed for vehicular travel and the sidewalks running alongside, and thus do not preclude the application of the *Jones* Court's jurisdictional analysis to this case.[12] Moreover, the analysis in *Jones* and its application to this case are supported by *Union Twp v Mount Pleasant,* 381 Mich 82; 158 NW2d 905 (1968), and by more recent decisions of this Court: *Pomeroy v Dep't of Transportation,* 175 Mich App 556; 438 NW2d 264 (1988); *Davis v Chrysler Corp,* 151 Mich App 463; 391 NW2d 376 (1986); *Robinson Twp v Ottawa Co Bd of Road Comm'rs,* 114 Mich App 405; 319 NW2d 589 (1982).

---

[12] *Berry v Belleville,* 178 Mich App 541; 444 NW2d 222 (1989), addressed an intersection between a county road and a city street. *Lain v Beach,* 177 Mich App 578; 442 NW2d 650 (1989), addressed an intersection between a county road and a state highway. *Lipka v Macomb Co Bd of Road Comm'rs,* 155 Mich App 624; 400 NW2d 698 (1986), addressed whether a county's contract to maintain a state highway established its jurisdiction over it, holding that it did not. The facts of these cases permitted rulings based on exclusive jurisdiction. However, none of these cases addressed whether concurrent jurisdiction could exist among governmental entities where the portion of the highway used for vehicular travel was not in issue.

Nor do we believe that *Dittmar v Flint,* 374 Mich 688; 133 NW2d 197 (1965), commands a conclusion that the township has no liability. *Dittmar* was distinguished in *Jones, supra.* More importantly, *Dittmar* relied on 1959 PA 185, which relieved counties, townships, cities, and villages of legal liabilities as imposed by § 224.21 and §§ 242.1 to 242.8 of the Compiled Laws of 1948 in connection with state trunkline highways. The McNitt act, pursuant to which the county took over all township roads, includes no similar liability-relieving provision.

In *Union Twp, supra,* the Supreme Court addressed a township's jurisdiction with regard to the right of way of a county road. The defendant city, Mount Pleasant, sought to lay a water pipeline along Broomfield Road, an Isabella County road running through Union Township. The city sought and obtained permission to do so from the county road commission. However, because it did not seek the township's permission, the township filed suit. The circuit court, concluding that Const 1963, art 7, § 29 required that the city also obtain the township's permission, issued a preliminary injunction against the city's action. *Union Twp, supra,* at 84.

On appeal, the city contended that *after* implementation of the McNitt act, the township had no power to approve or disapprove the city's installation, because it would fall wholly within a county road's right of way. In response, the township argued that the McNitt act provided for the transfer to county road commissions of the responsibility for laying out, constructing, improving, and maintaining township roads, but in all other respects, the act left the road subject to control by the township. Thus, the township argued, while its roads were county roads for some purposes, they were still township roads for other purposes, including, in that case, the retention of its constitutional right under art 7, § 29, and its statutory right under 1948 CL 247.183 (now MCL 247.183; MSA 9.263) to require township permission for use of the roads by a utility. *Union Twp, supra* at 86-87.

The Supreme Court agreed with the township. It noted that when the applicable statute was enacted, only the township's permission was required; the requirement that the county give permission was a later addition, but did not eliminate the need for the township's permission as well. *Id.* at 88-89. Noting further that the statute spoke generally of public roads, whether in a city, village, or township, the Court added:

> We construe this to mean any public road, including a county road and a State highway, thus manifesting the legislature's intent that townships, for example, retain their right of reasonable control over utility use of public roads passing through their territory, considering the inconvenience to township residents and businesses that generally results from construction within the right-of-way of public roads.
>
> The foregoing interpretation of the statutory provisions is entirely consistent with the last sentence of article 7, § 29 of our Constitution of 1963:
>
> "Except as otherwise provided in this Constitution the right of all counties, townships, cities and villages to the reasonable control of their highways, streets, alleys and public places is hereby reserved to such local units of government." [*Id.* at 89-90.]

Thus, a township's concurrent jurisdiction with a county over a county road's right of way can be contemplated by a statute, and is constitutionally sound.

*Robinson Twp, supra,* followed *Union Twp,* holding that the McNitt act did not preclude a township from enacting an ordinance regulating truck traffic within the township's boundaries without first obtaining the county's permission, and that the county was, in fact, obliged to post signs necessary to effectuate the ordinance as long as the ordinance was not unreasonable. *Robinson Twp, supra* at 409 ff. The Court stated:

> Basically, defendant's argument rests on a literal reading of the McNitt Act and its successor. Read literally, there would be no township roads and, consequently, no authority in the township to control roads within township boundaries. Yet such an interpretation makes useless art 7, § 29, providing that townships are to have reasonable control over their streets. Certainly, the delegates to the Constitutional Convention of 1963 would not have included the word "townships" in the last sentence of § 29, if, as claimed by defendant, jurisdiction had been lost under the McNitt Act in 1931.
>
> Furthermore, there would be no reason for the Legislature to give townships statutory powers over streets and highways . . . had not the Legislature intended that, at least for some purposes, jurisdiction over its streets and roads remained with the township. [*Id.* at 411-412.]

As did the *Union Twp* Court, the *Robinson Twp* Court rejected the notion that the McNitt act divested the township of all jurisdiction over its highways. *Id.* at 413.

*Davis v Chrysler Corp, supra,* and *Pomeroy v Dep't of Transportation, supra,* both emphasized that the defective highway provision, § 2, applies to all governmental entities, with a municipality's liability continuing beyond the state's or county's:

> [A]s stated by this Court in *Davis v Chrysler Corp,* 151 Mich App 463, 469; 391 NW2d 376 (1986), the provision limiting the zone of responsibility to the improved portion of the highway refers only to the state and the county road commissions. *Municipalities remain liable for the balance of the areas coming within the definition of highways, bridges, sidewalks, crosswalks and culverts.* [*Pomeroy, supra* at 560; emphasis added.]

These cases indicate that the townships retain some degree of jurisdiction over their roads generally, and particularly over those portions over which the county has historically owed no duty and incurred no liability. The cases also indicate that this jurisdiction is embodied in both the constitution and the statutes pertaining to defective highways, among others.[13]

---

[13] See MCL 247.183, 247.184; MSA 9.263, 9.264, retaining the provisions addressed in *Union Township, supra.* See also MCL 224.19b;

VI

Finally, defendant argues that under MCL 41.282; MSA 9.582, first enacted in § 12 of 1931 PA 246, the county is responsible for maintaining township sidewalks.[14] This provision is part of the act that sets forth procedures for the petitioning by township property owners of the county road commission for the installation of sidewalks. (See *ante* at 806). It is unclear how this provision has operated in practice; that is, we do not know whether when sidewalks are installed pursuant to MCL 41.271 *et seq.*; MSA 9.571 *et seq.* and there are funds remaining, the funds are retained by the county and used by the county to maintain the sidewalks, or whether the funds are returned to the highway authority having jurisdiction over the geographical boundaries in which the highway is found, to be used by the authority to maintain the sidewalks.

In all events, we do not believe the Legislature intended that this provision transfer the duty and liability to maintain sidewalks to the counties. After its enactment, the Legislature did not modify the laws respecting the counties' or townships' duties or liabilities respecting highways or sidewalks to reflect expanded duties in the counties, or curtailed duties in the townships.

Moreover, even if one were to accept the township's argument, the township can only escape liability under this section if the sidewalk on which plaintiff alleges she was injured was installed by the county pursuant to petition under MCL 41.271 *et seq.*; MSA 9.571 *et seq.* or a predecessor statute. MCL 41.282; MSA 9.582 does not apply to sidewalks that were not installed under that statute. There is no indica-

---

MSA 9.119(2), which requires that any "person, partnership, association, corporation or government entity" wishing to perform any work within a county road's right of way, except sidewalk installation or repair, must obtain permission both from the county road commission and from the township, city, or village in which the road is located, if so required by municipal ordinance.

[14] MCL 41.282; MSA 9.582 states:

After the completion of said proposed improvement, the highway authorities having jurisdiction over the highway involved, shall maintain and repair said pavement and/or sidewalk and shall keep the same in a reasonably safe condition for public travel, using for this purpose any money which may be available for the maintenance and repair of said highway. If there is a surplus of the money collected after paying the cost of building such proposed improvement, the same shall be turned over to the highway authorities having the responsibility for the maintenance and repair thereof and shall be used solely for such maintenance and repair. If the improvement is in more than 1 highway jurisdiction, the fund shall be prorated between such jurisdictions according to the amount of the improvement in each.

tion in the record that the sidewalk in question was installed by the county pursuant to petition.[15]

## VII

In conclusion, it appears to have been the clear intent of the Legislature, in incorporating the older statutes regarding municipal liability for recovery of damages due to defects in highways, including sidewalks within the municipality's jurisdiction, to retain township liability where formerly applicable. Thus, under § 2, a township may be held liable for defects in sidewalks within its jurisdiction.

The contrary interpretation, which assigns to the county total jurisdiction over all roads within a township, including those portions, such as sidewalks, as to which the county owes no duty and has no liability, renders the application of § 2 to townships virtually nugatory.[16] Because the Legislature specifically included townships in the

---

[15] In its motion for summary disposition, the township asserted that it did not install, construct, or maintain the sidewalk in question. However, it does not appear that this assertion was supported by affidavit submitted to the court and made a part of the record or by deposition testimony cited to the court. Nor is there any indication in the record that the sidewalk was installed by a private entity or by the county pursuant to petition.

[16] In *Court v Clark,* 19 Mich App 261; 172 NW2d 545 (1969), a panel of this Court came to a contrary conclusion. Taking note of the apparent inconsistencies among the statutes addressing sidewalk maintenance, it concluded that because a township's installation of a sidewalk required the county's written approval, and because no statute within the township act imposed liability for sidewalks upon the township, the county had assumed jurisdiction over sidewalks along county roads. The Court observed that at the time the action in issue arose MCL 691.1401 *et seq.*; MSA 3.996(101) *et seq.* was not yet in effect. *Court* at 264. However, it also dispensed with any liability under the predecessor liability statutes, stating

> We find nothing in PA 1909, No 283, of which CL 1948, § 242.5 (limiting municipal liability "except under and according to the provisions of this act") is a section, making townships liable for accidents occurring on sidewalks which border on county roads. [*Court* at 265.]

However, in so stating, the *Court* panel underscored its limited focus on particular statutes. It did not address the *Ferguson* decision, nor were the constitutional arguments for concurrent jurisdiction addressed in *Jones* before it. As indicated *supra,* we find that a more in-depth analysis of the statutory history of the applicable statutes is required in order to determine whether jurisdiction over the sidewalk in question was transferred from the township to the county. Additionally, the cases addressing jurisdiction, discussed *supra,* add significantly to the discussion.

municipalities to which liability for highway defects attaches, we cannot conclude that this contrary interpretation correctly construes the Legislature's intent. If the townships were relieved of all responsibility for not only roads but all installations within the right of way of roads taken over by the county under the McNitt act, then there would have been no reason for the Legislature to include townships in § 2, or for townships to have been included in Const 1963, art 7, § 29.

Similarly, if townships are relieved from liability for maintaining sidewalks because beginning in 1957 townships were required to obtain approval from the county or state when installing sidewalks along highways under the jurisdiction of the county or state or within the right of way of county roads or state highways,[17] there also would be no reason to include townships in § 2 or Const 1963, art 7, § 29, because, by 1957, all roads within the township that were not state highways would have been taken over by the county under the McNitt act.

Lastly, we observe that our conclusion is consistent with public policy and the overall legislative scheme. The result of our decision would be that townships, like cities, would be responsible for maintaining sidewalks within their geographical jurisdiction. Under the contrary view, no governmental entity is responsible for the maintenance of sidewalks within townships; only sidewalks located within townships are excluded from the duty imposed by statute, and only persons injured on such sidewalks are without a remedy when injured because of a poorly maintained sidewalk. The Legislature did not intend such a result.

Affirmed pursuant to Administrative Order No. 1994-4.

---

[17] We note that MCL 224.19b(1); MSA 9.119(2)(1) can be seen as contradicting the permit requirement. That section provides:

> A person, partnership, association, corporation or governmental entity shall not construct, operate, maintain or remove a facility or perform any other work within the right of way of a county road *except sidewalk installation and repair* without first obtaining a permit from the county road commission having jurisdiction over the road and from the township, city or village in which the county road is located when a permit is required by ordinance of the township, city or village, pursuant to authority conferred by article VII, section 29 of the Michigan constitution of 1963. The adjacent property owner shall not be required to obtain a permit for work incidental to the maintenance of the right of way lying outside of the shoulder and roadway. [Emphasis added.]

\* Circuit judge, sitting on the Court of Appeals by assignment.