CITY OF DETROIT v. MINERVA A. PUTNAM.

*Liability for injury from defective sidewalk.*

A statutory liability created in derogation of the common law cannot be enlarged by construction.

Act 244 of 1879 gives a right of action against municipal corporations for any injury sustained by reason of defective public highways, streets, bridges, crosswalks and culverts. *Held* that it does not create a municipal liability for injuries caused by defective sidewalks.

Error to Superior Court of Detroit. Submitted January 6. Decided January 12.

CASE. Defendant brings error. Reversed.

City Counselor *F. A. Baker* for plaintiff in error.

*Brennan & Donnelly* and *Don M. Dickinson* for defendant in error. A sidewalk is part of the highway: *Bacon v. Boston* 3 Cush. 174; *Brady v. Lowell* id. 121; *Raymond v. Lowell* 6 Cush. 524; *Manchester v. Hartford* 30 Conn. 120; *Hubbard v. Concord* 35 N. H. 52; *Hall v. Manchester* 40 N. H. 415; *Bloomington v. Bay* 42 Ill. 503; *Providence v. Clapp* 17 How. 161; Cooley on Torts 625; Angell on Highways 304; 1 Addison on Torts 328; Dillon Mun. Corporations 907.

MARSTON, C. J. Defendant in error recovered a judgment against the city for injuries sustained by reason of a defective sidewalk. It is not claimed that the action would lie in this State in the absence of a statute creating the liability. The plaintiff below relied upon act No. 244 of the Laws of 1879, p. 223, which is entitled "An act for the collection of damages sustained by reason of defective public highways, streets, bridges, crosswalks and culverts." The first section of the act creates a liability in favor of persons "sustaining bodily injury upon any of the public highways or streets in

this State, by reason of neglect to keep such public highways or streets, and all bridges, crosswalks and culverts on the same in good repair." The second section creates a liability for damage to any animal, cart, carriage, etc., receiving any injury by reason of neglect to keep in repair any public highway, street, bridge, crosswalk or culvert, and in each section it is the township, village, city or corporation, whose duty it is to keep such highway, etc., in repair, that is made liable. The fourth section makes it the duty of such municipalities to keep in good repair all public highways, streets, bridges, crosswalks and culverts, and when the means provided by law are insufficient for such purpose, they are authorized to levy such additional sum, within certain limitations, as may be necessary.

It is noticeable that sidewalks are not in express terms mentioned in this statute, and that the act is made applicable to townships, villages, cities and corporations whose duty it is to keep the highway in repair. It must be seldom, indeed, if at all, that sidewalks can be found in townships outside of the corporate limits of villages, while crosswalks, bridges and culverts will be found in cities, villages and townships. In the repair and construction of crosswalks, bridges and culverts, the expense or cost is collected by a general tax upon the property within the corporation, or some district therein, and for this reason the authority given in the fourth section to raise an additional sum for such purpose, when necessary, is appropriate. The expense of constructing and repairing sidewalks, however, is not usually paid out of the general highway fund, but is made a charge upon the owners of property abutting thereon, and to this extent the fourth section would have no application.

Again, if sidewalks are embraced in the general terms used, then if an animal is driven on the sidewalk and injured, the municipality would be liable for the damages sustained, if liable under the first section for injuries to persons traveling on the sidewalk, and this evidently could not have been intended by the Legislature.

We have but little doubt that if the liability had been cre-

ated for injuries sustained in consequence of a failure to keep in repair the highways and streets, these terms would have included all within the limits of the line thereof, and thus the sidewalks as well as the bridges, crosswalks and culverts. The special terms used do not enlarge, but limit the force of the general words used. In village and city charters express provisions relating to sidewalks will always be found, and the omission of such in this act is very significant.

As already said, the city would not be liable in the absence of this statute, which creates the liability, and we cannot by construction enlarge the liability. Where a statute attempts, in derogation of the common law, to create a liability, we cannot go beyond the clearly-expressed provisions of the act. Such statutes are not to be extended or enlarged in their scope by construction.

The judgment must be reversed with costs of both courts.

The other Justices concurred.