FERGUSON *v.* COUNTY OF MUSKEGON.

MUNICIPAL CORPORATIONS—HIGHWAYS—SIDEWALKS—NEGLIGENCE—
PARTIES—COUNTY ROAD SYSTEM.

> The passage of Act No. 283, Pub. Acts 1909 (2 How. Stat.
> [2d Ed.] § 2173 *et seq.*), which provides for the so-called
> county road system, and creates a board of county road
> commissioners to have authority over grading, draining,
> and constructing roads, the construction of bridges and
> culverts; enacting, further, that "they shall have all the
> authority in respect to such roads, bridges, and culverts
> which is vested in the highway officers in townships,"
> etc.; also, enacting that townships and unincorporated
> villages shall possess the authority to build, repair and pre-
> serve sidewalks, was not intended to make counties that
> adopt the system liable for defects in sidewalks situated
> in an unincorporated village.

Error to Muskegon; Sullivan, J.  Submitted January 16, 1914.  (Docket No. 110.)  Decided July 24, 1914.

Case by Harvey Ferguson, by next friend, against the county of Muskegon for personal injuries.  From a judgment sustaining a demurrer to the declaration, plaintiff brings error.  Affirmed.

*Sutherland, Johnson & Sessions,* for appellant.

*Harris E. Galpin,* for appellee.

McALVAY, C. J.  Plaintiff brought suit against defendant to recover damages for personal injuries received by reason of a defective sidewalk in the township of Ravenna along a certain highway which runs through the unincorporated village of Ravenna; this highway being what is known as a county road.  Defendant demurred to the plaintiff's declaration upon

the ground that Act No. 283 of the Public Acts of 1909, which provides for the county road system, imposed no liability upon defendant. The demurrer was sustained, and final judgment was entered thereon against plaintiff and in favor of defendant. The case is brought to this court by plaintiff asking for a reversal of such judgment.

The facts admitted by defendant's demurrer are substantially as follows: The county of Muskegon has adopted a county road system under Act No. 283 of the Public Acts of 1909 (2 How. Stat. [2d Ed.] § 2173), and it declared a portion of the public highway in the township of Ravenna, which runs through the unincorporated village of Ravenna to be a county road and named it Ravenna Road. After passing through the village of Ravenna, this road turns south, going down a short hill, and then crosses a bridge over Crockery creek in said township. On the west side and along this portion of the road is laid a sidewalk which at a point north of a bridge terminates abruptly, leaving a drop of about 18 inches. A timber about 12 inches square and 4 feet long was placed at this point, which made a step from the sidewalk to the ground below. This sidewalk at this point is 6 feet wide and the timber step, being but 4 feet long, lacked 2 feet of extending the full width of the sidewalk. This sidewalk had been open to public travel for a long time prior to the accident which occurred at this place. There was no handrail or guard, light, or other means of warning placed at this point whereby a foot passenger along the sidewalk might be made aware that the step was shorter than the width of the walk. The usual traveled way for foot passengers was to walk down this sidewalk to the step and then step down and thence along the road across the bridge.

Plaintiff was injured on this road at this place on·

or about December 8, 1912, at 6 o'clock in the evening. He was at that time going to his destination across the bridge over Crockery creek and, walking along the sidewalk, attempted to go down the step. He was unaware that the step was shorter than the sidewalk and, stepping down at that place, fell violently to the ground below, breaking his leg, and causing the injury complained of.

The question raised upon the assignments of error is whether, under the provisions of Act No. 283 of the Public Acts of 1909, it is made the duty of counties to keep in reasonable repair, so that they shall be reasonably safe and fit for public travel, sidewalks along roads declared to be county roads. Plaintiff insists upon the affirmative of this proposition. The question is for the first time before this court for determination.

The construction of the statute in question is involved. This is entitled "An act to revise, consolidate and add to the laws relating to the establishment, opening, improvement, maintenance and use of the public highways and private roads, etc.," by which the laws relating to streets and highways in this State were codified, re-enacted, and added to. The details providing for adopting a county road system are not in question in this suit and need not be stated. The demurrer admits that such a system had been adopted in Muskegon county.

The law provides for the election of a board of county road commissioners who are given the general control of county roads. Section 19 of chapter 4 of the act in question defines the power and authority given to such boards, as follows:

"SEC. 19. Said board of county road commissioners shall have authority to grade, drain, construct, gravel or macadamize any road under their control, or to place thereon any other form of improvement

181 Mich.—22.

which in their judgment may be best, and may extend and enlarge such improvements; they shall have authority to construct bridges and culverts on the line of such road, and to repair and maintain the said roads, bridges and culverts; they shall have all the authority in respect to such roads, bridges and culverts which is vested in highway officers in townships," etc.

Chapter 21 of this act is devoted to sidewalks. Sections 1 and 2 of this chapter provide as follows:

"SECTION 1. In all unincorporated villages, commissioners of highways are hereby authorized to lay out and expend such portion of the township highway funds in their hands or under their control as they shall deem, subject to the limitations of section 7 of this chapter, (necessary) for that purpose for the construction, care and maintenance of suitable sidewalks and crosswalks in such villages.

"SEC. 2. Public sidewalks may be established, opened, improved, and maintained within the boundaries, and along the highways, within this State under the provisions of this act; and the townships and unincorporated villages of this State shall possess the authority herein prescribed, for the building, repairing, and preserving the same."

Referring to section 19, chap. 4, *supra*, we find boards of county road commissioners in the counties where a county road system has been adopted "shall have authority to construct bridges and culverts on the line of such road, and to repair and maintain the said roads, bridges and culverts." The significance of this clause of this section in omitting any reference to sidewalks and crosswalks is recognized by counsel for plaintiff, and in view of a former decision of this court (*City of Detroit* v. *Putnam, post*) it is admitted that the words "bridges, crosswalks and culverts" as construed in that case are special restrictive terms, and it would be reasonable to expect the court to follow its former decision where words of like significance were construed and hold that this portion of

section 19 gives the county road commissioners authority over the traveled part of the roads, bridges, and culverts, and did not give them authority to build sidewalks along and on the side of the county road. *City of Detroit* v. *Putnam,* 45 Mich. 263-265 (7 N. W. 815).

This is the construction which this court gives to the authority delegated by the legislature to county road commissioners under this portion of section 19 quoted, and we confirm *City of .Detroit* v. *Putnam, supra.* The authority to construct, care for, and maintain suitable sidewalks and crosswalks is given by section 1 of chapter 21 specifically to commissioners of highways in all unincorporated villages. Under section 2 of the same chapter, "public sidewalks may be established, opened, improved, and maintained within the boundaries, and along the highways, within this State under the provisions of this act," and authority is given to the townships and unincorporated villages of this State "for the building, repairing, and preserving the same."

We find, then, from these sections of this act which have been quoted, that the county road commissioners have exclusive charge of roadways, bridges, and culverts on roads over which they have assumed control, and only townships and unincorporated villages have within their respective limits power and authority to build and repair sidewalks along the same roads. These powers and duties are specifically defined and distinguishable, and, although exercised over the same highway, they are not conflicting, and the giving of such separate and distinct powers and authority to two public bodies arises naturally from their relations to the public, as has been recognized by this court. *Quinlan* v. *Village of Manistique,* 85 Mich. 22 (48 N. W. 172).

The county road system is maintained by the county

for the purpose of providing for its entire population and the public generally adequate highways for the purposes of public travel, and such system adapted to the present necessities created by modern conditions. Each small municipality within its narrow limits provides along such county roads suitable sidewalks for the use of its inhabitants and others who, as foot passengers, desire to pass along and over such sidewalks.

The other sections of this act which are invoked by plaintiff as imposing liability for injuries sustained on this sidewalk upon the county must be considered in connection with our construction of the sections already considered. It is contended that the liability for injuries resulting from failure to maintain a sidewalk in a reasonably safe condition fit for public travel which is laid on a road under the control of county road commissioners is fixed upon the county by the following portions of section 21, chap. 4, of this act:

"It is hereby made the duty of the counties to keep in reasonable repair, so that they shall be safe and convenient for public travel, all county roads, bridges, and culverts that are within their jurisdiction and under their care and control and which are open to the public travel. The provisions of law respecting the liability of townships, cities, villages and corporations for damages for injuries resulting from a failure in the performance of the same duty respecting roads under their control, shall apply to counties adopting such county road system."

This liability of townships, cities, villages, and corporations referred to in the portion of section 21 last quoted is created by section 1 of chapter 22 of this act, which reads as follows:

"Any person or persons sustaining bodily injury upon any of the public highways or streets in this State, by reason of neglect to keep such public highways or streets, and all bridges, sidewalks, cross-

walks, and culverts on the same in reasonable repair, and in condition reasonably safe and fit for travel by the township, village, city, or corporation, whose corporate authority extends over such public highway, * * * whose duty it is to keep the same in reasonable repair, such township, villages, city, or corporation shall be liable to and shall pay to the person or persons so injured or disabled just damages, to be recovered in an action * * * on the case before any court of competent jurisdiction."

The duty mentioned in the section just quoted is imposed by section 3 of the same chapter, as follows:

"It is hereby made the duty of townships, villages, cities, or corporations to keep in reasonable repair, so that they shall be reasonably safe and convenient for public travel, all public highways, streets, bridges, sidewalks, crosswalks, and culverts that are within their jurisdiction and under their care and control, and which are open to public travel. * * * "

It is urged that the legislative intent to fix upon counties who have adopted the county road system liability for injuries which have occurred upon sidewalks built along such roads is made clear by that portion of section 19 of chapter 4, heretofore quoted, which reads:

"They [county road commissioners] shall have all the authority in respect to such roads, bridges and culverts which is vested in highway officers in townships."

We cannot agree with this contention and argument. It overlooks entirely the distinction which we have already made between the powers and duties which we have construed the legislature to have granted and imposed by this act upon counties and upon townships, cities, villages, and corporations, which distinction we think has been kept in view by the legislature throughout the entire act. It will be noted that, where a liability for damages is imposed either upon counties or lesser municipalities, if imposed

upon counties which have adopted the county road system, such liability is restricted to injuries caused by their neglect to keep all county roads, bridges, and culverts which are within their jurisdiction and under their control in the condition for travel required by this statute; if imposed upon the lesser corporations, it is by reason of their neglect to keep such public highways, streets, bridges, sidewalks, crosswalks, and culverts as may be within their respective jurisdictions in reasonable repair and in a condition reasonably safe and fit for travel.

This construction is in harmony with the conclusions of the circuit court.

The judgment of the circuit court is therefore affirmed.

BROOKE, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.