COURT *v.* CLARK

1. TOWNSHIPS—SIDEWALKS—MAINTENANCE.

Townships are not obligated to maintain the public sidewalks within their territorial jurisdiction when the board of county road commissioners has the statutory obligation to repair highways of which the sidewalks are a part (CL 1948, § 224.21).

2. TOWNSHIPS—SIDEWALKS—MAINTENANCE—LIABILITY.

A township was not liable for injuries sustained by a plaintiff when she was forced to leave the public sidewalk on which she had been walking because of a large amount of snow where the board of county road commissioners was responsible for the maintenance of the streets under a statute placing responsibility for maintenance and repair upon "the highway authorities having jurisdiction over the highway involved."

3. HIGHWAYS—MAINTENANCE—COUNTIES—STATUTE.

Under a statute placing responsibility for maintenance and repair upon "the highway authorities having jurisdiction over the highway involved" the board of county road commissioners is responsible for all streets and alleys lying outside the limits of incorporated cities and villages which have been dedicated to the public in recorded plats (CL 1948, § 41.282).

Appeal from Wayne, James Montante, J. Submitted Division 1 June 4, 1969, at Detroit. (Docket No. 4,146.) Decided October 1, 1969.

Complaint by Rose Court against Harold Clark, Clyde Clark, Jr., and Nankin Township, a Michigan

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 3] 39 Am Jur 2d, Highways §§ 202, 203.
[2] 39 Am Jur 2d, Highways §§ 506, 509.

municipal corporation, for injuries sustained in a fall in a parking lot. Summary judgment for defendant Nankin Township. Plaintiff appeals. Affirmed.

*Craig and Fieger,* for plaintiff.

*Martin, Bohall, Joselyn, Halsey & Rowe,* for defendant.

Before: Holbrook, P. J., and McGregor and Bronson, JJ.

Per Curiam. On December 18, 1962, Rose Court slipped and fell on some ice while walking in a parking lot owned by defendants Clark. She had been forced to leave the public sidewalk on which she had been walking because of a large amount of snow which was on the sidewalk. Plaintiff contends that the sidewalks, being within the limits of Nankin township, were the responsibility of Nankin township. She further alleges that the township failed to perform its duty to keep the sidewalks of the township safe for pedestrians, in that it permitted the snow to remain on the sidewalk, forcing persons to leave the sidewalk in order to pass, despite the fact that it had, or should have had, notice of the condition of the sidewalk. From a summary judgment in favor of defendant Nankin township, plaintiff appeals.

The sole question raised on appeal is whether or not defendant Nankin township had, on December 18, 1962, the obligation to maintain the public sidewalks within its territorial jurisdiction. Although there are many statutes touching on the subject of responsibility for maintenance of sidewalks, unfortunately they do not always read with consistency. And while a foolish consistency may well be the

hobgoblin of little minds, we are constrained here to try to make reason out of chaos. Thus, we find that the more reasonable and consistent overall analysis supports the trial judge's granting of summary judgment in favor of defendant Nankin township.

Under CLS 1961, § 41.401 (Stat Ann 1958 Rev § 9.570[1]) (PA 1957, No 251, as amended),* any township may, through its township board, install sidewalks alongside a highway with the proviso that "no highway under the jurisdiction of the state highway commissioner or the board of county road commissioners shall be improved under the provisions of this act without the written approval of the state highway commissioner or the board of county road commissioners." Nowhere in this act is the township made responsible for repairing these sidewalks. Written approval of the county board of road commissioners is necessary even to install sidewalks. This seems to suggest that the county board of road commissioners has assumed jurisdiction over sidewalks along county roads.

PA 1961, No 67 is titled:

"An act to authorize township boards to provide for the repair and maintenance of sidewalks outside of the limits of incorporated cities and villages; and to provide for the payment of the expenses so incurred."

(Part of this act MCLA § 41.925 [Stat Ann 1969 Cum Supp § 9.586(5)] states: "Sec. 5. Nothing in this act shall affect Act No 246 of the Public Acts of 1931, as amended * * * .")

PA 1931, No 246 (as amended by PA 1945, No 141) (MCLA §§ 41.271–41.285; Stat Ann 1958 Rev and 1969 Cum Supp §§ 9.571–9.585), titled:

---

* This act has since been amended by PA 1963, No 24 (MCLA § 41.401 [Stat Ann 1969 Cum Supp § 9.570(1)]).

"An act to provide for the construction and maintenance of pavements and/or sidewalks on or along public highways in certain cases,"

makes provision for construction of sidewalks whenever owners of more than 60 per cent of the lineal frontage of lands abutting the highway so elect. Under this act, CL 1948, § 41.282 (Stat Ann 1958 Rev § 9.582) places responsibility for maintenance and repair upon "the highway authorities having jurisdiction over the highway involved".

The trial court concluded that Nankin township did not have a duty to remove snow from the sidewalk under CLS 1961, § 247.669 (Stat Ann 1958 Rev § 9.1097[19]). CLS 1961, § 247.669 requires the takeover as county roads of all roads, streets and alleys as previously set out in PA 1931, No 130 (as amended). It is conceded by both parties that pursuant to this statute the board of county road commissioners was responsible for all streets and alleys lying outside the limits of incorporated cities and villages, which were dedicated to the public in recorded plats. The county therefore was responsible for the street near where the plaintiff was injured. Under CL 1948, § 224.21 (Stat Ann 1958 Rev § 9.121), the counties have a duty to repair county roads, bridges and culverts; sidewalks are not mentioned. In PA 1964, No 170 (MCLA § 691.1401 [Stat Ann 1969 Rev § 3.996(101)]) highway is defined:

"(e) 'highway' means every public highway, road and street which is open for public travel and shall include * * * sidewalks * * * ."

This act, however, was not in effect at the time of plaintiff's injury.

We find that under the facts of this case Nankin township was protected by CL 1948, § 242.5 (Stat

Ann 1958 Rev § 9.595) (repealed in 1965 by PA 1964, No 170):

"No township, village or city in this state shall be liable in damages, or otherwise, to any person or persons for bodily injury, or for injury to any property sustained upon any of the public highways, streets, bridges, sidewalks, crosswalks or culverts, in such townships, villages or cities, except under and according to the provisions of this act, and the common law liability of townships, villages and cities of this state, for or on account of bodily injuries sustained by any person by reason of neglect to keep in repair public highways, streets, bridges, sidewalks, crosswalks or culverts, is hereby abrogated."

We find nothing in PA 1909, No 283, of which CL 1948, § 242.5 is a section, making townships liable for accidents occurring on sidewalks which border on county roads. Accordingly, we affirm. No costs, a public question being at issue.