DAMICO v SHELBY TOWNSHIP

1. TOWNS—TOWNSHIPS—STATUTES—SIDEWALKS—HIGHWAYS—RESIDEN-
   TIAL STREETS—PUBLIC HEARING.
   A statute which authorizes a township to construct sidewalks
   along a highway does not apply to all public ways without
   distinction but only to main or arterial roads and the statute
   does not provide authority for a township to require sidewalks
   to be built on residential streets and to assess the owners of
   affected land for the cost of the sidewalks without the necessity
   for public notice or hearings required by another statute
   (MCLA 41.401, 41.402, 41.932).

2. TOWNS—TOWNSHIPS—STATUTES—SIDEWALKS—MANNER OF PAY-
   MENT—INTERPRETATION OF STATUTES.
   A statute which states that a township may provide that the cost
   of constructing sidewalks alongside highways shall be paid
   from the general funds of the township should not be under-
   stood as saying that townships are authorized to pay for such
   improvements in any manner they may choose (MCLA 41.402).

3. TOWNS—TOWNSHIPS—STATUTES—SIDEWALKS—PUBLIC HEARING—
   ORDINANCES—VALIDITY.
   An act which enables a township to build sidewalks in any
   designated area within the township also provides that a public
   meeting be held after notice to all property owners involved; a
   township ordinance which provides that sidewalks may be
   required whenever a building permit is issued for construction
   of a principal structure, which ordinance was adopted by a
   township without such a public meeting, is therefore invalid
   (MCLA 41.931, 41.932).

Appeal from Macomb, Howard R. Carroll, J.
Submitted June 12, 1975, at Detroit. (Docket No.
22248.) Decided September 11, 1975.

REFERENCE FOR POINTS TO HEADNOTES
[1–3] 39 Am Jur 2d, Highway, Streets, and Bridges §§ 73, 74.

Complaint by Clifford Damico, Eleanor Damico, and others against the Township of Shelby and the Building Administrator of the Township of Shelby, for a declaratory judgment that a township sidewalk ordinance was invalid. Judgment for plaintiffs. Defendant township appeals. Affirmed.

*Anthony & Hearsch,* for plaintiffs.

*Roy W. Rogensues,* for defendants.

Before: BRONSON, P. J., and V. J. BRENNAN and D. E. HOLBROOK, JR., JJ.

V. J. BRENNAN, J. Judgment was entered on October 12, 1974 in Macomb County Circuit Court declaring Ordinance No. 57 of defendant township to be an invalid exercise of police power. Defendant appeals.

Plaintiffs are residents of the Township of Shelby and owners of certain residential real property therein. Defendant is a municipal corporation organized under the laws of the State of Michigan and situated in Macomb County.

On December 4, 1973, defendant adopted Ordinance No. 57, effective January 11, 1974, providing that concrete sidewalks may be required whenever a building permit is issued for a principal structure to be constructed. No public hearings were held as prescribed by MCLA 41.932; MSA 9.587(2), prior to the adoption of the ordinance. Plaintiffs brought suit contending that such noncompliance with MCLA 41.932; MSA 9.587(2), rendered the ordinance invalid. The trial court agreed, and entered judgment accordingly.

The defendant appeals, contending that the ordinance is a valid exercise of police power by a township, citing a number of statutes which, it is

contended, grant the requisite authority. Further, defendant argues, a liberal construction of cited statutes is mandated by the Michigan Constitution. Const 1963, art 7, § 34. Plaintiffs contend that the only applicable statute is MCLA 41.931 *et seq.;* MSA 9.587(1) *et seq.,* which requires notice and a public meeting.

The question, therefore, is whether there is enabling authority for the adoption of an ordinance by a township requiring construction of sidewalks on residential streets in a statute which does not require notice and a public meeting.

Defendant first contends that such authority is found in MCLA 41.411 *et seq.;* MSA 5.2411 *et seq.* This statute, known as the township and village public improvement act, was first enacted in 1923, and authorized townships to make various improvements, including sidewalks, upon the filing of petitions signed by record owners of not less than 65 percent of the land affected. The Michigan Supreme Court in *Macomb Building Co v Clinton Twp,* 309 Mich 236, 239; 15 NW2d 141, 142 (1944), held that the "signature of the owners of 65 percent of the property is jurisdictional". The plain meaning of the statute is that it authorizes townships to provide various public improvements when the required number of landowners initiate proceedings by petition. The statute cannot be read as authorizing a township to proceed *sua sponte* to make public improvements. This statute, therefore, is inapplicable to the case at bar.

Defendant next contends that authority for adoption of Ordinance No. 57 can be found in MCLA 41.401 *et seq.;* MSA 9.570(1) *et seq.* This statute provides for the installation by townships of sidewalks along the sides of highways and elevated structures for foot travel over highways and

authorizes payment therefor out of the contingent fund or general fund of the townships. There is no provision for public hearings and no requirement of initiatory petitions by any owners of affected land. Defendant would have us read this statute as providing the requisite enabling authority for townships of this state to require sidewalks to be built on residential streets and to assess the owners of affected land for the cost thereof, without the necessity of any public notice or hearings. This would require that we read "highways" as a generic term including residential streets, and the language authorizing payment out of general funds as suggesting only one alternative for financing, leaving as a possibility assessments against landowners. It is true, as defendant contends, that the term "highways" was used to refer to all ways open to public travel in *Detroit International Bridge Co v American Seed Co,* 249 Mich 289, 295; 228 NW 791 (1930). In that case, a landowner appealed from an order of condemnation asserting that the proposed highway bridge would not be used solely for public purposes. To this contention the Michigan Supreme Court replied that a toll road or bridge is a highway, and land may be taken for it under the power of eminent domain. Thus, in contradistinction to private ways, all public ways are highways "without distinction". Such language can hardly be said to warrant an inference that the Legislature does not intend to make distinctions between bridges, highways, county roads, and residential streets. We do not think the Legislature intended MCLA 41.401 *et seq.;* MSA 9.570(1) *et seq.,* to refer to all public ways without distinction.

Defendant contends that the word "may" is permissive in contradistinction to mandatory. We

think that the word "may" in MCLA 41.402; MSA 9.570(2) operates simply to grant authority to the township. We hold, therefore, that the phrase "may provide that the cost of improvement shall be paid * * * " must be construed as saying, "is hereby authorized to provide that the cost of the improvement shall be paid * * * ". The statute should not be understood as saying that townships are authorized to provide that improvements be paid for in any manner they may choose. The Michigan Supreme Court was faced with this issue in *Sebewaing Industries, Inc, v Village of Sebewaing,* 337 Mich 530; 60 NW2d 444 (1953). There the Village of Sebewaing sought to purchase equipment for an electric plant without following either of two methods prescribed by statute, arguing that they could, in their exercise of discretion, use other acceptable alternatives. The Court rejected this reasoning, citing the maxim *expressio unius est exclusio alterius,* the expression of one thing implies the exclusion of other similar things. "When a statute creates an entity, grants it powers and prescribes the mode of their exercise, that mode must be followed and none other." *Sebewaing, supra,* at 545; 60 NW2d at 447.

The trial judge in the instant case held that MCLA 41.401 *et seq.;* MSA 9.570(1) *et seq.,* applies to main or arterial roads. We agree. The Legislature apparently desired to enable townships to construct sidewalks and overpasses for pedestrians where large highways had been constructed and had tended to divide hitherto social and economic units in the townships. School children, for example, might find it necessary to cross such a new highway to get to school. Sidewalks and pedestrian overpasses were needed. Further, since no definable property could be said to benefit more than

others, the Legislature provided for payment out of general funds rather than from assessments against particular properties. Thus, there was no provision made in the statute for public hearings or petitions by owners of affected property. We hold, therefore, that MCLA 41.401 *et seq.;* MSA 9.570(1) *et seq.,* applies to main or arterial roads where sidewalks and pedestrian overpasses serve the needs of citizens beyond the contiguous properties involved, and where no fair assessment of benefited properties can be made. Defendants cannot, therefore, rely on this statute as granting enabling authority to townships for requiring the construction of sidewalks on residential streets and for assessing affected properties therefor.

Since the Legislature apparently did not regard MCLA 41.401 *et seq.;* MSA 9.570(1) *et seq.,* enacted in 1957, as providing enabling authority for townships to require sidewalks on residential streets *sua sponte,* MCLA 41.931 *et seq.;* MSA 9.587(1) *et seq.,* was enacted in 1966 expressly granting to townships authority to proceed on their own initiative to build sidewalks "in any designated area within the township". MCLA 41.932; MSA 9.587(2) provides that a public meeting be held after notice to "all property owners involved". Plaintiffs contend that this is the only applicable statute to the case at bar. We agree. The Legislature did not see fit to require approval of the property owners, choosing instead to leave the final determination to the township board. We think that the Legislature provided for a public meeting, however, not as a mere formality, but as a means of obviating the dangers of secret or ill-advised decisions of the board. This procedure should have been followed in the instant case.

The township officials are not to be faulted for

their desire to promote the public safety and welfare of their growing and populous township by requiring sidewalks to be built, but we cannot find any policy reason whatever for holding that it may be done without first holding a public meeting pursuant to MCLA 41.932; MSA 9.587(2).

We find that the other statutes on which defendant relies for enabling authority in this matter are inapplicable and do not merit discussion. We hold that Ordinance No. 57 of the Township of Shelby is an invalid exercise of township police power because of noncompliance with MCLA 41.932; MSA 9.587(2).

Affirmed.