LISTANSKI v CANTON CHARTER TOWNSHIP

Docket No. 154045. Submitted January 12, 1994, at Detroit. Decided August 1, 1994, at 9:15 A.M. Leave to appeal sought.

Ethel and Raymond Listanski brought an action in the Wayne Circuit Court against Canton Charter Township, alleging that the township was liable pursuant to the highway exception to governmental immunity for injuries sustained by Ethel Listanski when she slipped and fell on a public sidewalk adjacent to a county road in the township. The court, Marianne O. Battani, J., granted summary disposition for the township, ruling the highway exception inapplicable because the township lacked jurisdiction over the sidewalk. The plaintiffs appealed.

The Court of Appeals *held:*

The term "highway" has been defined for purposes of the highway exception to governmental immunity to include sidewalks. MCL 691.1401(e); MSA 3.996(101)(e). Although a township is statutorily authorized to install sidewalks along a highway that is under the jurisdiction of a board of county road commissioners and to enact ordinances relating to the maintenance and repair of such sidewalks if the township obtains the approval of the county road commissioners, MCL 41.288(1); MSA 9.585(3)(1) and MCL 41.288a; MSA 9.585(4), a township is under no duty to repair sidewalks that are adjacent to a county road.

Affirmed.

J. STEMPIEN, J., dissenting, stated that a township has jurisdiction over a sidewalk along a county road within the boundaries of the township where the sidewalk is placed there by authority granted by statute to the township, and the township is liable pursuant to MCL 691.1402; MSA 3.996(102) for damages arising out of the failure to keep the sidewalk in reasonable repair.

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges §§ 5, 104; Municipal, County, School, and State Tort Liability §§ 90, 111, 326.

See ALR Index under Governmental Immunity or Privilege; Sidewalks.

GOVERNMENTAL IMMUNITY — HIGHWAYS — SIDEWALKS — COUNTIES —
   TOWNSHIPS.

   A township needs the approval of the county in which it is
   located in order to maintain or repair a public sidewalk that is
   adjacent to a county road within the township; accordingly, for
   purposes of the highway exception to governmental immunity,
   the township lacks sufficient jurisdiction over such sidewalks to
   incur liability for personal injury sustained thereon (MCL
   41.288(1), 41.288a, 691.1401[e], 691.1402; MSA 9.585[3][1],
   9.585[4], 3.996[101][e], 3.996[102]).

*Rattner, Steinberg & Associates* (by *Ronald A. Steinberg*), for the plaintiffs.

*Cummings, McClory, Davis & Acho, P.C.* (by *Marcia L. Howe*), for the defendant.

Before: HOOD, P.J., and R. J. DANHOF* and J. STEMPIEN,** JJ.

R. J. DANHOF, J. Plaintiffs Ethel and Raymond Listanski appeal as of right from the circuit court's orders granting defendant Canton Township's motion for summary disposition pursuant to MCR 2.116(C)(7). We affirm.

On August 25, 1989, Ethel Listanski slipped and fell on a public sidewalk adjacent to a county road in front of a residence in Canton Township. The plaintiffs brought suit against the township and George Gornell, the owner of the residence, alleging that the sidewalk was not in reasonable repair. The trial court summarily dismissed the township, finding that the highway exception to governmental immunity did not apply because the township did not have jurisdiction over the sidewalk upon which Ethel fell.

On appeal, plaintiffs contend that the township

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Administrative Order No. 1993-6.
** Circuit judge, sitting on the Court of Appeals by assignment.

has jurisdiction over the sidewalk and that the highway exception to governmental immunity therefore applied. We disagree.

The defective highway exception to governmental immunity applies where a governmental agency's failure to maintain in reasonable repair a highway under its jurisdiction causes bodily injury. MCL 691.1402; MSA 3.996(102). This exception applies to municipal corporations. MCL 691.1401(a) and (d); MSA 3.996(101)(a) and (d). The term "highway" includes sidewalks. MCL 691.1401(e); MSA 3.996(101)(e).

Defendant asserted that the county had jurisdiction over the road adjacent to the sidewalk and that it did not have jurisdiction to repair the sidewalk without the county's permission. In support of this allegation, defendant submitted the affidavit of Tom Casari, the engineer for Canton Township. Plaintiffs rely upon *Jones v Ypsilanti,* 26 Mich App 574; 182 NW2d 795 (1970), in asserting that the township and the county had concurrent jurisdiction over the sidewalk. *Jones* involved a plaintiff who fell on a sidewalk along a state trunk line highway in a city. This Court construed Const 1963, art 5, § 28 and art 7, § 29 in finding that the city retained reasonable control over state trunk line highways within its boundaries. Art 5, § 28 established a state highway commission to obtain jurisdiction and control over trunk line highways. Art 7, § 29 provides in relevant part:

> Except as otherwise provided in this constitution the right of all counties, townships, cities and villages to the reasonable control of their highways, streets, alleys and public places is hereby reserved to such local units of government.

There were no statutory provisions limiting the

city's control over the sidewalks within its boundaries. Thus, this Court rejected the city's claim that it did not have jurisdiction over the sidewalk.

This case is distinguishable because a township is involved. MCL 41.288(1); MSA 9.585(3)(1) authorizes a township, through its board, to install sidewalks along a highway, but contains the following limitation:

> A highway under the jurisdiction of the director of the state transportation department or the board of county road commissioners shall not be improved under this act without the written approval of the director of the state transportation department or the board of county road commissioners.

Further, MCL 41.288a; MSA 9.585(4) authorizes a township to enact ordinances relating to sidewalk maintenance and repairs along county roads, but further requires the approval of the county. Therefore, the Legislature has limited a township's jurisdiction over the sidewalks within its boundaries by requiring the county road commissioners' approval of repairs. There also is no provision imposing a duty upon the township to repair sidewalks adjacent to county or state roads. See *Court v Clark,* 19 Mich App 261, 263; 172 NW2d 545 (1969). Accordingly, this Court finds that Canton Township did not have jurisdiction to repair the sidewalk upon which plaintiff Ethel Listanski fell, and that the court did not err in summarily dismissing plaintiffs' claims.

Affirmed.

HOOD, P.J., concurred.

J. STEMPIEN, J. *(dissenting).*I respectfully dissent. The opinion of the majority would establish that

as a matter of public policy, the public highways for use by pedestrians may be left in such a state of disrepair so as to be hazardous to public health, safety, and welfare. The Legislature has carved out a statutory exception to governmental immunity for the public use of its highways. Therein the Legislature defined highways to include sidewalks, MCL 691.1401(e); MSA 3.996(101)(e). Obviously,' in so doing, the Legislature considered the health, safety, and welfare of pedestrians as important as the health, safety, and welfare of motor vehicle occupants. Hence, the only question in this case is which governmental agency is responsible for the maintenance of the public sidewalks.

The ultimate issue to be decided in this case is whether a township can be liable for failure to maintain sidewalks within its boundaries. It is this writer's opinion that there are circumstances under which the sidewalks are under township jurisdiction and in which township liability does exist for failure to maintain the public sidewalks in a reasonably safe condition. The pertinent statutes and the Michigan Constitution, when viewed in historical perspective, indicate that the Legislature did not intend to absolve townships from all responsibilities for public travel.

On August 25, 1989, plaintiff Ethel Listanski fell on a public sidewalk along a residential street in the Charter Township of Canton. Plaintiffs sued, alleging that Canton failed to maintain the sidewalk in reasonable repair. Canton filed a motion for summary disposition accompanied by an affidavit of its engineer denying jurisdiction. The trial court granted summary disposition on the basis of lack of jurisdiction by Canton over the road to which the sidewalk is adjacent.

The Michigan Constitution, the county road law, the state trunk line highway act, and the township

law all refer to and supplement one another. A common thread through all of them is the inclusion of township authority and responsibility over sidewalks. Though not succinctly written in one statute, it is the Legislature's intent that townships have jurisdiction and responsibility for sidewalks within their boundaries.

All roads in a township are under the county road law, MCL 224.1 *et seq.*; MSA 9.101 *et seq.* whether they are major arterial roads or residential streets in a subdivision. They are designated either county primary or county local roads. The McNitt act, formerly 1948 CL 247.1 *et seq.*, provided for the takeover of all township roads over a period of time. All dedicated roads in recorded plats lying outside incorporated cities and villages were to be taken over by the counties. The passage of this legislation alone did not deprive townships of their power to install sidewalks or, in this writer's opinion, the duty to maintain sidewalks once installed.

Historically, counties were not given authority to construct and install sidewalks. MCL 224.19; MSA 9.119, MCL 224.21; MSA 9.121. Statutes dating back to 1893 have consistently restricted counties to the construction and maintenance of roads, bridges, and culverts. That limited obligation continues to the present. Const 1963, art 7, § 16 states that the Legislature "may provide the powers and duties of counties in relation to highways, bridges, culverts and airports." Admittedly, MCL 41.271; MSA 9.571 currently allows counties to establish sidewalks when petitioned by more than fifty-one percent of the abutting township landowners. It is important to note that this legislative action provides a means for the township residents to impose a sidewalk on the roadway. It is not inherent in the statute that the county, by

its ownership of a right of way, has independent authority to construct and maintain sidewalks within township boundaries.

Townships were historically charged with this duty. 1883 PA 60, § 1 stated:

> [P]ublic sidewalks may be established, opened improved and maintained . . . the townships and unincorporated villages of this state shall possess the authority herein prescribed for the building, repairing and preserving the same.

Current legislative authority for township construction and maintenance of sidewalks is found in several sources: 1. MCL 41.288; MSA 9.585(3) allows for ten-year contracts for installation of sidewalks and elevated structures for pedestrian traffic. 2. MCL 41.288a; MSA 9.585(4) grants authority for the construction, repair, and maintenance of sidewalks for the protection of the health, safety, and welfare of its residents. 3. MCL 42.10; MSA 5.46(10) allows charter townships, such as Canton, to give to their superintendents the functions and duties of the construction, repair, and maintenance of sidewalks. Not only do townships have authority to install and maintain sidewalks, townships are authorized by the Legislature to adopt ordinances regarding maintenance and repairs of sidewalks. MCL 41.181; MSA 5.45(1).

Concurrent with historical authority to construct and maintain sidewalks, townships have had historical liability for failure to reasonably discharge their duty to maintain the sidewalks. In *Ferguson v Muskegon Co*, 181 Mich 335; 148 NW 212 (1914), the Michigan Supreme Court addressed the issue of liability for an unrepaired sidewalk along a county road. There was a county road system at the time. It called for the same author-

ity as exists today: namely, the construction of roads, bridges, and culverts by counties and authority for townships, cities, villages, and corporations to build and maintain sidewalks, pursuant to 1909 PA 283, §§ 19 and 21.

The plaintiff in *Ferguson* was injured while walking on a sidewalk adjacent to a county road in a township and sought to impose liability for the defective sidewalk on the county. At the time, 1909 PA 283 imposed liability on the county for failure to maintain county roads, bridges, and culverts. Previously, townships had liability for public highways, streets, bridges, crosswalks, sidewalks, and culverts. The *Ferguson* Court held that county liability was fixed to the extent of the authority of the county for construction, that is, roads, bridges, and culverts, because the Legislature clearly used "special restrictive terms." Without authority for the county to build sidewalks, there was no liability for the county for their disrepair, even where a sidewalk was on the side of and along a portion of a county road. The Court found that the responsible party was the township. The Court stated:

> We find, then, from these sections of this act which have been quoted, that the county road commissioners have exclusive charge of roadways, bridges, and culverts on roads over which they have assumed control, and only townships and unincorporated villages have within their respective limits power and authority to build and repair sidewalks along same roads. *These powers and duties are specifically defined and distinguishable, and, although, exercised over the same highway, they are not conflicting and giving such separate and distinct powers and authority to two public bodies arises naturally from their relations to the public,* as has been recognized by this court. [181 Mich 339; emphasis added.]

The *Ferguson* Court distinguished the purposes of the installation of roads from that of sidewalks. The roadway designed for vehicular travel was for the entire population to have adequate highways for public travel. The sidewalk provided the population of the township "suitable sidewalks for the use of its inhabitants and others, who as foot passengers desire to pass along . . . ." *Id.* at 340. This distinction between road and sidewalks is as valid in our society as it was in 1914.

The *Ferguson* case was decided before the enactment of the McNitt act, but, nonetheless, is applicable to this case. Current legislative authority for construction of roads and sidewalks within townships remains in the counties and townships respectively. Liability for failure to maintain those installations is currently recognized in MCL 691.1402; MSA 3.996(102), which imposes the same duties as the law that governed the *Ferguson* case in 1914.[1] Counties are liable only for the portion of the highway designed for vehicular travel. Townships, cities, and villages are liable for sidewalks as defined in MCL 691.1401(e); MSA 3.996(101)(e).

The lack of authority of a county to install sidewalks deprives it of "jurisdiction" over the sidewalk. The specific legislative empowerment to a township to construct and repair sidewalks

[1] MCL 691.1402; MSA 3.996(102) states in part: "The liability, procedure and remedy as to county roads under the jurisdiction of a county road commission shall be as provided in Section 21, chapter 4 of Act No. 283 of the Public Acts of 1909, as amended, being section 224.21 of the Compiled Laws of 1948." The prior law is mirrored in the current statutory provision imposing liability for sidewalks on townships, cities, and villages. States and counties are only liable for the improved portion of the road.

MCL 691.1404(a); MSA 3.996(101)(a) states: " 'Municipal corporation' means any city, village, township or charter township, or any combination thereof, when acting jointly."

MCL 691.1401(e); MSA 3.996(101)(e) states: " 'Highway' means every public highway, road, and street which is open for public travel and shall include bridges, crosswalks, and culverts on any highway. The term 'highway' does not include alleys, trees and utility poles."

would give it jurisdiction over the sidewalk, which is included in the definition of highway. This writer disagrees with defendant Canton when it urges that a sidewalk and its adjoining highway must be considered as one unit. Presumably, defendant township makes this argument on the basis that the sidewalk is installed within the county right of way. That conclusion is not the intent of the Legislature, nor is it practical to use such as a rule of law that courts should follow. The ownership in fee simple of the realty upon which an installation is placed does not make the installed fixture the responsibility or duty of the fee simple holder. For example, most private driveways are at least partly on the right of way of state, county, and city roads, yet the driveway is not "under the jurisdiction" of the governmental unit. This is the same for utilities, cables, and other installations permitted in the right of way under MCL 224.19b; MSA 9.119(2).[2]

Defendant's reasoning that no one is liable for failure to maintain the sidewalks within a township's boundary would require this Court to ignore and hold for naught the Legislature's use of the word "township" in MCL 691.1401 *et seq.*; MSA 3.996(101) *et seq.* The Legislature specifically defined "highway" to include sidewalks in the 1965 highway liability act and retained the definition in the 1986 amended version. Both of these statutes were enacted after the transfer of all township roads to the county road system under the McNitt act. Therefore, the intent of the Legislature to continue township liability is clear because of the consistent reference to townships in the history of the statutes.

[2] This statute allows the permissive installation of undefined facilities in the county right of way, but the statute does not absolve the utility owner from the responsibility of maintenance.

It was also the intent of the drafters of the Michigan Constitution to continue township control. After the transfer of township roads, the Michigan Constitution of 1963 was drafted. Art 7, § 29 states in part:

> [T]he right of all counties, townships, cities and villages to the reasonable control of their highways, streets, alleys and public places is hereby reserved to such local units of government.

Const 1908, art 8, § 28 referred to townships, but counties were excluded. The new constitution retained the same language but added counties to the list of governmental units that have control over their public ways and places. The drafters of the new constitution are presumed to have knowledge of exiting laws at the time of adoption. Const 1963, art 3, § 7 provides:

> The common law and the statute laws now in force, not repugnant to this constitution, shall remain in force until they expire by their own limitations, or are changed, amended or repealed.

The mechanisms for the funding of roads and sidewalks are also enlightening and assist in determining legislative intent and explaining the addition and deletion of the words "county" and "township" in the statutes. The funding structure for roads helps explain why the transfer of roads to counties would not have included sidewalks. The state, counties, cities, and villages are recipients of state road funding primarily through Const 1963, art 9, § 9 fuel tax and other miscellaneous sources of revenue.[3] Townships do not have access

---

[3] The 1963 constitution provided that specific fuel taxes be set aside for transportation purposes. Not less than ninety percent of the fuel

to this source of revenue nor authority to raise such revenues.[4]

On the other hand, sidewalks are funded from one of two sources. The townships are authorized to assess the abutting property owners or to pay from their own general funds for repair and maintenance. The general fund can be subsidized by a levy of no more than one mill on all property owners of the township, subject to voter approval. The distinction between roadway and sidewalk funding thus exemplifies the need to treat sidewalk jurisdiction separate from jurisdiction over the improved portion of the road designed for vehicular travel. Therefore, defendant's argument that roadways and sidewalks should be treated as one unit for jurisdictional purposes is inconsistent with the funding of the installation and repair of county roads and the funding of the installation and repair of sidewalks.

The majority opinion in this case acknowledges *Jones v Ypsilanti,* 26 Mich App 574; 182 NW2d 795 (1970), as construing Const 1963, art 5, § 28 and art 7, § 29 to hold that the city retained reasonable control over state roads to the extent that liability for adjacent sidewalks fell upon the city.[5] The majority distinguishes the case at bar

taxes are exclusively reserved for "state, county, city and village roads, streets and bridges . . . ."

[4] Although amendments of the state trunk line highway act (MCL 247.651 *et seq.*; MSA 9.1097(1) *et seq.*) invite participation by the heavily populated townships, it is only through a property assessment over which counties retain control of the taxes levied and the process. (MCL 247.670; MSA 9.1097[20])

[5] Art 5, § 28 was amended in 1978. At the time of the *Jones* opinion, it referred to the state highway commission as having "jurisdiction over all state trunkline highways and appurtenant facilities." Presumably, the *Jones* panel was interpreting the language regarding the term "jurisdiction" in reference to highway and "appurtenances." This language was eliminated with the 1978 amendment. The term "jurisdiction" is now found only in the applicable statutes. Therefore, there are only legislative definitions subject to interpretation consis-

from *Jones* on the basis that cities had no statutory limitations on their control over sidewalks, while townships have limited control because of MCL 41.288; MSA 9.585(3) and MCL 41.288a; MSA 9.585(4). Those statutes require permission of the county before township sidewalk installation. Such a distinction is an illusory limitation in the law, as it applies to sidewalks. This writer suspects that it also is illusory in practice.

Permission is not the pivotal issue in determining jurisdiction for purposes of MCL 691.1401; MSA 3.996(101) and MCL 691.1402; MSA 3.996(102).[6] There are conflicting statutes regarding the issue of permission when dealing with the county right of way. MCL 41.288; MSA 9.585(3) authorizes sidewalks and elevated structures for pedestrians along and over county and state highways. The law provides for written approval by the state or the county for township construction of these items. This statute applies to main or arterial roads, not residential streets, *Damico v Shelby Twp,* 64 Mich App 271; 236 NW2d 69 (1975).[7] The cost of these improvements are paid from general funds, not special assessments to abutting property

tent with legislative intent and the present art 5, § 28 of the 1963 constitution, which is silent with regard to a definition of jurisdiction.

[6] In fact, in the driveway example *supra,* if permission were a pivotal factor in defining jurisdiction, the county and the state would have jurisdiction over the driveway because MCL 247.321; MSA 9.140(21) requires permission of the county for installation of driveways.

[7] The *Damico* Court made a significant point supportive of plaintiffs' position of jurisdiction. The *Damico* Court found that MCL 41.401; MSA 9.570(1) (predecessor of MCL 41.288; MSA 9.585[3]) allowed for the purchase of elevated structures and sidewalks on major roads without a public hearing and did not apply to sidewalks in residential areas. In so determining, the court reasoned that in contradistinction to private ways, all public ways are highways "without distinction." "*Such language can hardly be said to warrant an inference that the Legislature does not intend to make distinctions between bridges, highways, county roads and residential streets.*" *Id.* at 274 (emphasis added).

owners as in residential areas. Then MCL 41.288a; MSA 9.585(4) dilutes the permission requirement. It authorizes sidewalk construction and maintenance in any area of the township. It does require approval for sidewalks in the right of way. The approval sought is not specifically designated as written approval. The law certainly implies a lesser restriction on township authority for sidewalks as opposed to long-term debts on construction of major roads. MCL 224.19b; MSA 9.119(2) shows the decreasing role of county approval for sidewalk installation. In fact, it eliminates approval:

> (1) A person, partnership, association, corporation or governmental entity shall not construct . . . or perform any other work within the right of way of a county road *except sidewalk installation and repair* without first obtaining a permit from the county road commission having jurisdiction over the road *and from the township,* city or village in which the county road is located when a permit is required by ordinance of the township, city or village, *pursuant to authority conferred by article VII, section 29 of the Michigan constitution of 1963.* [Emphasis added.]

This statute demonstrates the Legislature's recognition that townships have constitutional authority over installations in the county's right of way without regard to the county's permission. Clearly, this statute empowers the township to deny a permit even if the county had issued a permit for the construction within the highway right of way. The defendant contends townships have no authority regarding the highway right of way. Yet, both this statute and the *Jones* case, which the majority in this opinion recognize, acknowledge the concurrent jurisdiction of the township.

The empowering statutes and Const 1963, art 7,
§ 29 are to be reviewed by a standard set by art 7,
§ 34, which states in part:

> . . . Powers granted to counties and townships
> by this constitution and by law shall include those
> fairly implied and not prohibited by the constitu-
> tion.

Thus, the proposition that requirements of permis-
sion limit the power and jurisdiction of townships
is an interpretation of law contrary to the stan-
dards of this section. Art 7, § 29 fairly implies
township authority over sidewalks in the county
right of way.

Further evidence that the analysis in *Jones*
regarding legislative intent is applicable to town-
ships is found in MCL 42.17; MSA 5.46(17). This
statute provides that charter townships

> shall have and possess and may exercise the same
> powers and *shall be subject to the same liabilities*
> *as are possessed by cities* . . . to provide for the
> public peace and health and safety of persons and
> property.[8] [Emphasis added.]

The argument is made that *Jones* is an out-
moded rationale and is replaced by numerous
cases that hold that only one governmental unit
can hold jurisdiction over a highway. However,
each of these cases deals with allegations of de-
fects over the improved portion of a highway

---

[8] It is significant that the authority to construct and repair side-
walks under MCL 41.288a; MSA 9.585(4) is given by the Legislature
under the power to regulate for the health, safety, and welfare of
residents and is repeated in this empowerment statute for charter
townships. This is another example of the interplay of constitutional
and statutory provisions granting powers to the townships. The
exercise of this power in the area of public sidewalks is not immune
from liability pursuant to MCL 691.1401, 691.1402; MSA 3.996(101),
3.996(102).

designated for vehicular travel. The issue of pedestrian walkways alongside the improved portion is not the subject of defendant's cited cases. The reasoning of *Jones* can be found in later cases such as *Pomeroy v Dep't of Transportation*, 175 Mich App 556; 438 NW2d 264 (1988); *Union Twp v Mt Pleasant*, 381 Mich 82; 158 NW2d 905 (1968); *Michonski v Detroit*, 162 Mich App 485; 413 NW2d 438 (1987); *Davis v Chrysler Corp*, 151 Mich App 463; 391 NW2d 376 (1986).[9]

The majority opinion relies on *Court v Clark*, 19 Mich App 261; 172 NW2d 545 (1969), for the proposition that there is no provision imposing a duty upon the township to repair sidewalks adjacent to county roads. The *Court* case was based on a cause of action that arose before the enactment of MCL 691.1401 *et seq.*; MSA 3.996(101) *et seq.* Although the *Court* panel did not find liability under the predecessors of MCL 691.1401; MSA 3.996(101), it focused solely on those statutes. The panel in the *Court* case did not address the Supreme Court decision of *Ferguson*, the constitutional issues of the *Jones* case, or other statutes regarding the authority of townships. The issue whether jurisdiction of sidewalks was transferred from township to county along with the roads was not fully explored by the *Court* panel. Thus, the dissent believes that the *Court* opinion is much more narrow, and after analysis, should not be the definitive answer for the issue of sidewalk liability.

The *Court* opinion cited 1948 CL 242.5 as controlling for liability. However, that statute does

---

[9] The dissent acknowledges that *Michonski, supra,* and *Davis, supra,* held light poles to be actionable and that utility poles are expressly exempted now from MCL 691.1401(e); MSA 3.996(101)(e). But the analysis of jurisdiction with regard to portions outside the traveled portion of the road remains valid. This analysis was not overruled in *Schuerman v Dep't of Transportation*, 434 Mich 619; 456 NW2d 66 (1990).

not stand alone. Section 5 of the 1948 act stated that townships had no liability for bridges, culverts, and sidewalks *except as provided by the act.* Section 5 further stated that common-law liability was abolished. Overlooked by the *Court* decision was § 3 of the same act, which stated, in part, that townships, villages, and cities had to keep public highways, streets, and bridges *within their jurisdiction reasonably safe.*

The 1959 amendment of 1938 CL 242 excluded township liability specifically for state highways. As the panel in *Jones* explained, this exclusion was regarding a specific statutory exemption for state trunk lines. The *Jones* Court stated that if any other source would impose liability on the city, then it was liable because the amendment applied only to state trunk lines. This comports with the maxim that the expression of one thing implies the exclusion of other similar things. Thus, the 1959 amendment was not applicable to county roads. The *Court* panel should have found liability on the basis of this maxim. If predecessor liability is determined not to be continuous, then one only needs to look to the *Jones* opinion, which stated the obvious—since the effective date of MCL 691.1401; MSA 3.996(101), the liability of government is determined by that act alone and prior exclusions of liability for sidewalks were repealed by that act.

The *Jones* Court found, after examining the constitution and the statutes, sidewalk liability existed for the city. On the basis of the foregoing analysis, the term "city" could just as correctly be read "township." No distinguishing features exist between the two in this context except the illusory permit provision. Case law from at least 1914 to the present has made distinctions concerning juris-

dictional issues involving highways. The laws of this state support a finding of jurisdictional distinction between improved portions of a highway and rights of way. It is not a matter of concurrent jurisdiction for liability purposes under MCL 691.1401 *et seq.*; MSA 3.996(101) *et seq.* For this statutory liability, jurisdiction between the road as designed for vehicular travel and the sidewalk is separate and independent for counties and townships.

In conclusion, I would find that the township has the jurisdiction over sidewalks along roads within township boundaries when they are placed there by authority of the township. Pursuant to MCL 691.1402; MSA 3.996(102) there is liability on the part of the township for its failure to keep those sidewalks in reasonable repair for public travel.

I would reverse the decision of the trial court and remand for further proceedings.[10]

---

[10] The affidavit submitted by Canton states only that Canton did not *install* the sidewalk that was present on the date of the injury. It is unclear whether the sidewalk was installed by a contractor under an ordinance, by direction of the township planning commission (or other township body), or by petition to the county by fifty-one percent of the property owners. Perhaps the defendant is suggesting that the sidewalk was installed without township knowledge or authority.