WILLIAMS v REDFORD TOWNSHIP

MOCERI v CANTON CHARTER TOWNSHIP

Docket Nos. 154658, 155596. Submitted January 3, 1995, at Detroit. Decided April 21, 1995, at 9:40 A.M.

Judith Williams brought an action in the Wayne Circuit Court against Redford Township, alleging liability pursuant to the highway exception to governmental immunity for personal injury sustained on a sidewalk in the township. The sidewalk is adjacent to a road that is under the jurisdiction of Wayne County. The court, Sharon Tevis Finch, J., granted summary disposition for the township, ruling that the township lacks jurisdiction over the sidewalk and therefore was under no duty to maintain the sidewalk. In an opinion by WHITE, P.J., and BRENNAN and G. B. FORD, JJ., the Court of Appeals affirmed, stating that it was constrained by Administrative Order No. 1994-4 to follow the holding in *Listanski v Canton Charter Twp*, 206 Mich App 356 (1994), that townships lack jurisdiction to maintain sidewalks along county roads and may not be found liable for personal injury sustained on such sidewalks.

Priscilla and Leo Moceri brought an action in the Wayne Circuit Court against Canton Charter Township, alleging liability pursuant to the highway exception to governmental immunity for personal injury sustained on a sidewalk in the township. The sidewalk is adjacent to a road that is under the jurisdiction of Wayne County. The court, Michael J. Callahan, J., denied summary disposition for the township. In an opinion per curiam, the Court of Appeals, REILLY, P.J., and M. A. CHRZANOWSKI, J. (WAHLS, J., concurring in the result only), reversed, stating that it was constrained by Administrative Order No. 1994-4 to follow *Listanski*.

The Court of Appeals convened a special panel to resolve the conflict between *Williams/Moceri* and *Listanski* and ordered the opinions in *Williams* and *Moceri* vacated. 207 Mich App 801 (1994).

The Court of Appeals *held:*

REFERENCES

Am Jur 2d, Highways, Streets and Bridges §§ 103, 104.

See ALR Index under Sidewalks.

A township has a duty to maintain sidewalks pursuant to MCL 691.1402(1); MSA 3.996(102)(1) and MCL 691.1401(e); MSA 3.996(101)(e), even sidewalks along county or state roads.

Order of summary disposition in *Williams* reversed; order of summary disposition in *Moceri* affirmed; both cases remanded for further proceedings.

GOVERNMENTAL IMMUNITY — HIGHWAY EXCEPTION — SIDEWALKS — TOWNSHIPS.

   A township has a duty to maintain in reasonable repair a sidewalk within the township and adjacent to a road that is under the jurisdiction of the state or a county; pursuant to the highway exception to governmental immunity, a township may be held liable for personal injury sustained on such a sidewalk resulting from a failure to maintain the sidewalk in reasonable repair (MCL 691.1402[1], 691.1401[e]; MSA 3.996[102][1], 3.996[101][e]; Const 1963, art 7, § 29).

*Lopatin, Miller, Freedman, Bluestone & Herskovic* (by *Lee R. Franklin*), for Judith Williams.

*Stern, Cohan & Stern* (by *Kenneth A. Stern*) (*Bendure & Thomas,* by *Mark R. Bendure* and *Sidney A. Klingler,* of Counsel), for Priscilla and Leo Moceri.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Marcia L. Howe*), for Redford Township and Canton Charter Township.

Amici Curiae:

*Bauckham, Sparks, Rolfe & Thomsen, P.C.* (by *John H. Bauckham*), for Michigan Townships Association.

*Plunkett & Cooney, P.C.* (by *Christine D. Oldani* and *Mary Massaron Ross*), for Michigan Liability and Property Pool.

Before: MURPHY, P.J., and McDONALD, MARILYN

KELLY, CONNOR, FITZGERALD, HOEKSTRA, and MARKMAN, JJ.

MURPHY, P.J. These consolidated cases were considered by this panel pursuant to Administrative Order No. 1994-4 to resolve a conflict between the reasoning of the original panels in these two cases and the decision in *Listanski v Canton Charter Twp,* 206 Mich App 356; 523 NW2d 229 (1994). The conflict concerns the liability of a township for injuries received by a pedestrian who falls on a sidewalk that is within the township and that is located along a county road.

In *Williams v Redford Twp,* the plaintiff claimed that the township was liable pursuant to the highway exception to governmental immunity, MCL 691.1402(1); MSA 3.996(102)(1), for a failure to reasonably maintain the sidewalk. The circuit court granted the township's summary disposition motion on the ground that the township did not have a duty to maintain a sidewalk situated along a county road. The circuit court's decision was consistent with this Court's later decision in *Listanski v Canton Twp, supra,* in which a panel of this Court concluded that, in light of MCL 41.288(1); MSA 9.585(3)(1), the Legislature had limited a township's jurisdiction over sidewalks within its boundaries and there was no requirement that a township repair sidewalks adjacent to county or state roads. On appeal in *Williams,* a panel of this Court concluded that townships do have a duty to maintain sidewalks and that *Listanski* was wrongly decided, but the panel was constrained to affirm by Administrative Order No. 1994-4 because the decision in *Listanski* was a prior published decision.

In *Moceri,* as in *Williams* and *Listanski,* the plaintiff fell on a sidewalk within the township

that was located along a road under county juris-
diction. The circuit court denied the defendant
township's motion for summary disposition. Upon
leave granted, a panel of this Court reversed on
the basis of *Listanski,* which the panel found
controlling pursuant to Administrative Order No.
1994-4. The *Moceri* panel indicated that but for
*Listanski* the panel would have affirmed and that
the analysis in *Williams v Redford Twp* was per-
suasive.

This panel was convened to resolve the conflict
between *Listanski* and *Williams/Moceri.* Pursuant
to Administrative Order No. 1994-4, convening this
panel also required that the initial opinions in
*Williams* and *Moceri* be vacated. The order doing
so and the vacated opinions in *Williams* and *Mo-
ceri* have been published beginning at 207 Mich
App 801 (1994). Our review of the law and argu-
ments in these cases leads us to the same conclu-
sion reached by the prior panels of this Court in
*Williams* and *Moceri.* As did the panel in *Moceri,*
we find persuasive the reasoning and analysis of
the *Williams* decision and hereby adopt that opin-
ion as our own. Consequently, we hold that a
township does have a duty to maintain sidewalks
pursuant to MCL 691.1402(1); MSA 3.996(102)(1)
and MCL 691.1401(e); MSA 3.996(101)(e), even side-
walks along county or state roads. This duty was
not diminished by the McNitt act, 1931 PA 130,
MCL 247.1 *et seq.*; MSA 9.141 *et seq.,* repealed by
1951 PA 151, which transferred responsibility for
township roads from townships to counties.

Our conclusion is supported further by Const
1963, art 7, § 29, which left control of township
streets and public places under the control of
townships, and by the first sentence of MCL
691.1402(1); MSA 3.996(102)(1), which provides

that, among other things, townships are responsible for maintaining their sidewalks.

Additional support for our conclusion is found in language in *Mason v Wayne Co Bd of Comm'rs,* 447 Mich 130; 523 NW2d 791 (1994), and *Chaney v Dep't of Transportation,* 447 Mich 145; 523 NW2d 762 (1994). Neither of these cases was directly concerned with the responsibility of a governmental entity for sidewalk maintenance. Nevertheless, the Court in *Mason,* in the course of discussing the scope of liability under MCL 691.1402(1); MSA 3.996(102)(1), noted the appearance of a legislative intent to allocate responsibility for sidewalks and crosswalks to local governments, including townships. 447 Mich 136, n 6. Similarly, in *Chaney,* Justice BOYLE, in her concurring opinion, noted that the "duty to maintain and repair sidewalks and crosswalks falls on local governments, including cities, villages, and townships. . . ." 447 Mich 172, n 2. In his dissent in *Chaney,* Justice LEVIN discussed the development of liability for sidewalk maintenance, which liability historically has been placed upon townships and cities. See 447 Mich 201-203.

Our holding treats townships the same as cities with respect to sidewalks along roads or highways under the jurisdiction of another governmental unit. For example, in *Jones v Ypsilanti,* 26 Mich App 574; 182 NW2d 795 (1970), a city was found to have jurisdiction over a sidewalk constructed along a state trunk line. The analysis in *Jones* is not outdated. *Williams v Redford Twp,* 207 Mich App 808. There is no logical or legal reason to treat a township differently. Accordingly, we reject the holding in *Court v Clark,* 19 Mich App 261; 172 NW2d 545 (1969), where a township was found not to be liable for improper maintenance of a sidewalk. *Court v Clark* should not be considered

good law. See *Mason v Wayne Co Bd of Comm'rs,* 447 Mich 136, n 6; *Williams v Redford Twp,* 207 Mich App 812, n 16.

The circuit court's order of summary disposition in *Williams v Redford Twp,* Docket No. 154658, is reversed. The circuit court's denial of summary disposition in *Moceri v Canton Charter Twp,* Docket No. 155596, is affirmed. Both cases are remanded for further proceedings.